WILLIAM K. HARRINGTON                 **HEARING DATE: April 30,  2015**
United States Trustee for Region 2    **HEARING TIME:  10:00 AM**
201 Varick Street, Suite 1006
New York, New York 10014
Telephone: (212) 510–0500
Brian Masumoto
Trial Attorney

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- x
                                                        :  Case No. 14-12831 (SMB)
In re                                                   :
                                                        :
**RENA LANGE (USA), INC.,**                             : (Chapter 11)
**ADBA Mabrun, ADBA St. Emile,**                        :
**ADBA Gloriette,**                                     :
                                                        :
                                                        :
                            Debtor.                     :
                                                        :
------------------------------------------------------- x

      PLEASE TAKE NOTICE that upon this Notice of Motion and the accompanying

memorandum of law, the United States Trustee for Region 2 (the "United States Trustee"), will

move this Court before the Honorable Stuart M. Bernstein, Bankruptcy Judge, in the United

States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York,

New York 10004 on April 30 , 2015 at 10:00 a.m., or as soon thereafter as counsel can be heard,

for an order converting this case to one under Chapter 7, and for such other and further relief as

this Court may deem just and proper.  The original application is on file with the Clerk of the

Bankruptcy Court.

      PLEASE TAKE FURTHER NOTICE that any responsive papers should be filed

with the Court and personally served on the United States Trustee, at 201 Varick Street, Suite

1006, New York, New York 10014, to the attention of Brian S. Masumoto, Esq., no later than

three (3) days prior to the return date set forth above.  Such papers shall conform to the Federal

Rules of Civil Procedure and identify the party on whose behalf the papers are submitted, the

nature of the response, and the basis for such response.

Dated:  New York, New York
        March 30, 2015

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, REGION 2

By:     /s/ *Brian S. Masumoto*
        Brian S. Masumoto
        Trial Attorney
        Office of the United States Trustee
        U.S. Federal Office Building
        201 Varick Street, Suite 1006
        New York, New York 10014
        Tel. No. (212) 510-0500
        Fax. No. (212) 668-2255

WILLIAM K. HARRINGTON                          **HEARING DATE: April 30,  2015**
United States Trustee for Region 2             **HEARING TIME:  10:00 AM**
201 Varick Street, Suite 1006
New York, New York 10014
Telephone: (212) 510–0500
Brian Masumoto
Trial Attorney

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------ x
                                                        :   Case No. 14-12831 (SMB)
In re                                                   :
                                                        :
**RENA LANGE (USA), INC.,**                             :   (Chapter 11)
**ADBA Mabrun, ADBA St. Emile,**                        :
**ADBA Gloriette,**                                     :
                                                        :
                                                        :
                                    Debtor.             :
                                                        :
------------------------------------------------------ x

**MEMORANDUM OF LAW OF THE UNITED STATES
TRUSTEE IN SUPPORT OF MOTION TO CONVERT
THIS CASE TO ONE UNDER CHAPTER 7**

TO THE HONORABLE STUART M. BERNSTEIN, BANKRUPTCY JUDGE:

    William K. Harrington, the United States Trustee for Region 2 (the "United States

Trustee"), does hereby make this motion (the "Motion") pursuant to 11 U.S.C. § 1112(b) for an

order converting this chapter 11 case, Rena Lange (USA), Inc., (the "Debtor") to a case under

Chapter 7.  In support thereof, the United States Trustee represents and alleges as follows:

**Introduction**

    The United States Trustee has strong reasons for advocating the conversion of this case.

The Debtor has vacated its principal place of business and appears to have ceased operations and

abandoned its remaining inventory and certain personal property.  It appears that inventory,

personal property, accounts receivable and possibly other assets remain to be evaluated and

monetized, if, and to the extent, possible, by an independent fiduciary.  Such an independent

fiduciary would also be required to evaluate the validity of the claim held by Modern Bank, N.A.

and determine the amount of the bank's outstanding claim, if any.  Because it is possible that

there may be assets available for distribution to creditors, this case should be converted.

## Facts

### General Background

1.      On October 7, 2014, the Debtor commenced this case by filing a voluntary

petition under Chapter 11 of the Bankruptcy Code (the "Petition").  Declaration of Brian S.

Masumoto in Support of Motion of the United States Trustee For An Order Converting the Case

to One Under Chapter 7 dated March 30, 2015 (the "Masumoto Declaration"), ¶ 2; Ex. A.

2.      The Debtor filed its Schedules and Statement of Financial Affairs ("Schedules"

and "SOFA," respectively) on November 6, 2014.  Masumoto Decl. ¶ 3; Ex. B.

3.      The Debtor is a wholly owned subsidiary of M. Lange & Co. GmbH (the

"Parent"), and is the domestic marketing arm for its Parent's couture line of exclusive women's

clothing under the brand name RENA LANGE, created in 1916 in Germany.  Masumoto Decl. ¶

4.

4.      There was insufficient creditor interest to enable the United States Trustee to form

a committee of unsecured creditors in this case.  Masumoto Decl. ¶ 5.

5.      A copy of the electronic case docket in the Debtor's case is attached to the

Masumoto Decl. as Exhibit C.   Masumoto Decl. ¶ 6; Ex. C.

### Assets and Liabilities

6.      The Debtor's Schedules list assets of $1,267,059.05 and liabilities of

$7,482,108.33.  Masumoto Decl. ¶ 7; Ex. B, Summary of Schedules.

7.      The Schedules list two secured claims: (1) a claim by the Estate of Melvin Friedland, etc. in the unliquidated and disputed amount of $5,000,000.00; and (2) a claim by Modern Bank, N.A. in the unliquidated and disputed amount of $535,000.00.  Masumoto Decl. ¶ 8; Ex. B, Sch. D.

8.      The Summary of Schedules listed no priority claims and unsecured nonpriority claims of $1,947,108.33.  Masumoto Decl. ¶9; Ex. B.

**Cash Collateral Motion**

9.      After filing its petition, on October 10, 2014, the Debtor filed a Motion to Approve Use of Cash Collateral (the "Cash Collateral Motion").  ECF Doc. No. 10.

10.     Modern Bank, N.A. objected to the Cash Collateral Motion (ECF Doc. No. 17), resulting in a series of evidentiary hearings (the "Evidentiary Hearings") held on October 16, 2014 (ECF Doc. No. 25), October 17, 2014 (ECF Doc. No.29), October 20, 2014 (ECF Doc. No.38), October 23, 2014 (ECF Doc. No. 26), October 30, 2014 (ECF Doc. No. 30), and November 26, 2014 (ECF Doc. No. 39).

11.     An "Interim Order (A) Authorizing Debtor to Use Cash Collateral; (B) Granting Adequate Protection to Pre-Petition Secured Creditor Modern Bank, N.A.; (C) Modifying the Automatic Stay; and (D) Scheduling a Subsequent Hearing" (the "Interim Order") was entered on December 3, 2014, authorizing the use of cash collateral in the a total amount not to exceed $202,325.00 and directing adequate protection payments totaling $45,000.00 to Modern Bank. ECF Doc. No. 36; Masumoto Decl. ¶ 12; Ex. D.  The Interim Order refers to a hearing on November 7, 2014 that is not matched by a corresponding transcript filed on the electronic docket.  Id.

3

12.     The Interim Order excludes Avoidance Actions (as defined in the Interim Order) from Modern Bank's Postpetition Collateral (as defined in the Interim Order).  ECF Doc. No. 36, ¶ 8.

### The Termination of Debtor's Post-Petition Operations

13.     On February 25, 2015, an "Order Lifting the Automatic Stay as to Modern Bank, N.A." was entered, stating that the Debtor had vacated its principal premises located at 430 West 14th Street, New York, New York  and left certain inventory and personal property behind.  ECF Doc. No. 46.  The Order authorized Modern Bank to take possession of the inventory and personal property and to undertake efforts to collect the Debtor's outstanding accounts receivable, all subject to further Order of the Court.  Id.

14.     On or about March 6, 2015, a "Motion by Modern Bank, N.A. For Relief From the Automatic Stay to Enable It to Foreclose Its Perfected Security Interest in, and Take Peaceful Possession of, Sale Proceeds, that are Part of Its Prepetition Collateral" (the "Lift Stay Motion") was filed.  ECF Doc. No. 48; Masumoto Decl. ¶ 15; Ex. E.

15.     The Lift Stay Motion alleged that two sales conducted by the Debtor resulted in aggregate net proceeds of $147,516.00.  ECF Doc. No. 48, ¶ 9.

16.     The Lift Stay Motion also alleged that as of March 5, 2015, there was a total of $171,063.58 in the Debtor-in-Possession bank accounts of the Debtor.  ECF Doc. No. 48, ¶ 14.

17.     The Lift Stay Motion further alleged that the Debtor made a total of $120,000.00 in adequate protection payments to Modern Bank pursuant to the Interim Order and subsequent orders.  ECF Doc. No. 48, ¶ 15.

18.     On March 26, 2015, an Order was entered lifting the automatic stay as to Modern Bank, allowing Modern Bank to take possession of the Sale Proceeds (as defined in the Lift Stay

4

Motion), that were part of its Prepetition Collateral (as defined in the Lift Stay Motion).  ECF Doc. No. 50.

19.     In accordance with a letter dated March 24, 2015, the Debtor's counsel advised the Court that he had received no communication from Debtor's management and no guidance on the issue of the dismissal or conversion of the Debtor's case.  ECF Doc. No. 49.

**Failure to file Reports**

20.     As of the date hereof, the last operating report filed by the Debtor was for the period ended December 31, 2014 (the "December 2014 Report").  ECF Doc. No. 44.  The Debtor has neither requested nor obtained from the United States Trustee or the Court any approval not to timely file these reports.   Masumoto Decl. ¶ 22.

21.     The December 2014 Report showed cash on hand at the end of the reporting period of $111,841.00 and Accounts Receivable of $177,007.00.  ECF Doc. No. 44.

## Argument

**A.    Cause Exists to Convert this Case**

Section 1112(b) of the Bankruptcy Code describes a variety of factors which may constitute "cause" for the conversion of a Chapter 11 case to a Chapter 7 case or for the dismissal of a Chapter 11 case.  *See* 11 U.S.C. § 1112(b).  Under this provision, the court may find cause in the following circumstances, among others:

>   (A)    substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation; and;
>
>   . . . .
>
>   (F)    unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;

See 11 U.S.C. § 1112(b)(4)(A) and (F).

5

The burden is on the moving party to establish cause, and the Bankruptcy Court has wide discretion in determining whether "cause" exists to dismiss or convert the case.  In re E. End Dev. LLC, 491 B.R. 633, 641 (Bankr. E.D.N.Y. 2013) (citing In re BH S&B Holdings, LLC, 439 B.R. 342, 346 (Bankr. S.D.N.Y. 2010) (additional citations omitted)).  If the Court determines that "cause" exists, then the Court must dismiss or convert the case unless it determines that the appointment of a trustee or examiner would be in the best interest of creditors and the estate.  11 U.S.C. § 1104(a)(3).

**B.      Cause Exists to Convert the Case Because the Debtor has Suffered Substantial and Continuing Loss and is Unable to be Rehabilitated**

Section 1112(b)(4)(A) sets forth a two pronged conjunctive test that seeks to (1) determine if the debtor has suffered or is suffering a substantial or continuing loss, or a diminution in estate asset values and (2) determine if there is any reasonable likelihood of rehabilitation within a reasonable period of time.  See Collier on Bankruptcy, ¶ 1112.04[6][a] (16th ed. 2014).    11 U.S.C. § 1112(b)(4)(A).

**Substantial or Continuing Loss**

The Debtor's last filed monthly operating report for December 2014 shows both substantial and continuing losses since the commencement of this case.  Specifically, the December 2014 Report shows a net loss of $122,404.00 for the month of December 2014 and a cumulative net loss since the commencement of the case of $58,629.00.  ECF Doc. No. 44.  Furthermore, as noted above, the Debtor has vacated its principal premises and no longer appears to be operating.

**No Reasonable Likelihood of Rehabilitation**

The Debtor's departure from its principal premises, its abandonment of inventory and personal property, failure to collect its outstanding accounts receivable, and its failure, through

6

its management, to communicate with its bankruptcy counsel establishes that the Debtor has no reasonable likelihood of rehabilitation.

While the Debtor appears incapable of rehabilitation, there has not been an independent assessment of the value of the Debtor's remaining assets. Nor has there been any indication of any determination as to the validity of Modern Bank's claim or the outstanding balance due it after taking into account (1) the adequate protection payments (only $45,000.00 of which appears to have been memorialized in the Interim Order) and the (2) proceeds of two sales conducted by the Debtor. The Debtor's schedules listed Modern Bank's secured claim as disputed, and to avoid any appearance of impropriety, it would appear prudent to have an independent fiduciary (1) assess the validity of Modern Bank's secured claim, (2) liquidate or abandon the Debtor's remaining inventory and personal property and collect or abandon the Debtor's account receivables, and (3) evaluate and pursue, if appropriate, any Avoidance Actions.

**C.    Cause Exists to Convert this Case Because the Debtor Has Failed To File Monthly Operating Reports after December 2014.**

Bankruptcy Code sections 1107(a), 1106(a)(1), 704(a)(1) and (8), and the UST Operating Guidelines require the submission of monthly financial reports by a chapter 11 debtor. 11 U.S.C. §§ 1107(a), 1106(a), 704(a)(1) and (8); see also UST Operating Guidelines at ¶ 9. The reports required by the UST Operating Guidelines are to be filed on a monthly basis after the filing of a chapter 11 case. UST Operating Guidelines at ¶ 9. The reports encompass cash receipt and disbursement statements, statements of operations, a balance sheet, schedules of post-petition liabilities and a tax reconciliation statement. Id.

The importance of timely and accurate reporting by a chapter 11 debtor-in-possession was addressed in In re Whetten, 473 B.R. 380, 383-84 (Bankr. D. Colo. 2012):

7

Monthly reports and the financial disclosures contained within them "are the life-blood of the Chapter 11 process" and are more than "mere busy work." Matter of Berryhill, 127 B.R. 427, 433 (Bankr. N.D. Ind. 1991). Without these reports, the UST and creditors cannot determine when a debtor is incurring additional losses, is rendered administratively insolvent, or is transferring assets without authorization. The reporting requirements provide the primary means for monitoring the debtor's compliance with the Code's requirements and they serve as a litmus test for a debtor's ability to reorganize. Thus, non-compliance is not a "mere technicality." In re Ronald Kern & Sons, 2002 WL 1628908, at *1 (W.D.N.Y. June 11, 2002) . . . . If a debtor does not fulfill this basic obligation during the Chapter 11 case, when it knows it will have to come before the court on any number of occasions, how can the creditors have any confidence that the debtor will timely and accurately report its income and make the required distributions under its plan, when the court and the UST are no longer monitoring the case? Consequently, the "importance of [filing] ... monthly report[s] cannot be over-emphasized." In re Myers, 2005 WL 1324019, at *2 (10th Cir. BAP May 25, 2005). A debtor ignores this basic duty at its own peril.

As of the date hereof, the Debtor has not filed any monthly operating report since the December 2014 Report. Masumoto Decl. at ¶ 21. Moreover, the Debtor has neither requested nor obtained from the United States Trustee or the Court a waiver or an agreement to modify the Bankruptcy Code's monthly operating report requirement. Id.

Accordingly, cause exists to convert this case for failure to file the monthly operating report. 11 U.S.C. § 1112(b)(4)(F); see In re GEL, LLC, Nos. 12-41911 (CEC) and 12-41913 (CEC), 2012 WL 3073069, at *4 (Bankr. E.D.N.Y. July 30, 2012) (citing In re Daniels, 362 B.R. 428, 435 (Bankr. S.D. Iowa 2007)).

WHEREFORE, the United States Trustee respectfully requests that the Court enter an

order converting the case to Chapter 7, and granting such other and further relief as may be

deemed just and proper.

Dated:  New York, New York
March 30 , 2015

Respectfully submitted,

WILLLIAM K. HARRINGTON
UNITED STATES TRUSTEE, REGION 2


By:      /s/ *Brian S. Masumoto*
Brian S. Masumoto
Trial Attorney
Office of the United States Trustee
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, New York 10014
Tel. No. (212) 510-0500
Fax. No. (212) 668-2255

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x

In re

**RENA LANGE (USA), INC.,**
**ADBA Mabrun, ADBA St. Emile,**
**ADBA Gloriette,**

                                Debtor.

------------------------------------------------------- x

: Case No. 14-12831 (SMB)
:
:
: (Chapter 11)
:
:
:
:
:
:
:

## DECLARATION OF BRIAN S. MASUMOTO IN SUPPORT OF
## MOTION OF THE UNITED STATES TRUSTEE FOR AN ORDER
## <u>CONVERTING THE CASE TO ONE UNDER CHAPTER 7</u>

Pursuant to 28 U.S.C. § 1746, Brian S. Masumoto, declares as follows:

1.      I am a Trial Attorney for the Office of the United States Trustee for Region 2 (the

"United States Trustee").  I am assigned to this matter by my office and as such, have knowledge

and information about this Chapter 11 bankruptcy case.  I submit this Declaration in support of

motion of the United States Trustee for an order pursuant to 11 U.S.C. §§ 1104(a) and 1112(b) of

the Bankruptcy Code, seeking an order converting the case to Chapter 7 (the "Motion").

2.      On October 7, 2014, the Debtor commenced this case by filing a voluntary

petition under Chapter 11 of the Bankruptcy Code (the "Petition").  ECF Doc. No. 1.  A copy of

the Petition is attached hereto as Exhibit A.

3.      The Debtor filed its Schedules and Statement of Financial Affairs ("Schedules"

and "SOFA," respectively) on November 6, 2014.  ECF Doc. No. 27.  A copy of the Schedules

and SOFA is attached hereto as Exhibit B.

4.      The Debtor is a wholly owned subsidiary of M. Lange & Co. GmbH (the

"Parent"), and is the domestic marketing arm for its Parent's couture line of exclusive women's

clothing under the brand name RENA LANGE, created in 1916 in Germany.  Affidavit Pursuant
to Local Rule 1007, ECF Doc. No. 2.

5.      There was insufficient creditor interest to enable the United States Trustee to form
a committee of unsecured creditors in this case.

6.      A copy of the electronic case docket in the Debtor's case is attached hereto as
Exhibit C.

**Assets and Liabilities**

7.      The Debtor's Schedules list assets of $1,267,059.05 and liabilities of
$7,482,108.33.  Ex. B, Summary of Schedules.

8.      The Schedules list two secured claims: (1) a claim by the Estate of Melvin
Friedland, etc. in the unliquidated and disputed amount of $5,000,000.00; and (2) a claim by
Modern Bank, N.A. in the unliquidated and disputed amount of $535,000.00.  Ex. B, Sch. D.

9.      No priority claims are set forth in the Summary of Schedules and unsecured
nonpriority claims are listed at $1,947,108.33.  Ex. B.

**Cash Collateral Motion**

10.      After filing its petition, on October 10, 2014, the Debtor filed a Motion to
Approve Use of Cash Collateral (the "Cash Collateral Motion").  ECF Doc. No. 10.

11.      Modern Bank, N.A. objected to the Cash Collateral Motion (ECF Doc. No. 17),
resulting in a series of evidentiary hearings (the "Evidentiary Hearings") held on October 16,
2014 (ECF Doc. No. 25), October 17, 2014 (ECF Doc. No.29), October 20, 2014 (ECF Doc.
No.38), October 23, 2014 (ECF Doc. No. 26), October 30, 2014 (ECF Doc. No. 30), and
November 26, 2014 (ECF Doc. No. 39).

2

12.      An "Interim Order (A) Authorizing Debtor to Use Cash Collateral; (B) Granting

Adequate Protection to Pre-Petition Secured Creditor Modern Bank, N.A.; (C) Modifying the

Automatic Stay; and (D) Scheduling a Subsequent Hearing" (the "Interim Order") was entered

on December 3, 2014, authorizing the use of cash collateral in the a total amount not to exceed

$202,325.00 and directing adequate protection payments of $45,000.00 to Modern Bank.  ECF

Doc. No. 36.  A copy of the Interim Order is attached hereto as Exhibit D.  The Interim Order

refers to a hearing on November 7, 2014 that is not matched by a corresponding transcript filed

on the electronic docket.  Id.

13.      The Interim Order excludes Avoidance Actions (as defined in the Interim Order)

from Modern Bank's Postpetition Collateral (as defined in the Interim Order).  ECF Doc. No. 36,

¶ 8.

### The Termination of Debtor's Post-Petition Operations

14.      On February 25, 2015, an "Order Lifting the Automatic Stay as to Modern Bank,

N.A." was entered, stating that the Debtor had vacated its principal premises located at 430 West

14th Street, New York, New York and left certain inventory and personal property behind.  ECF

Doc. No. 46.  The Order authorized Modern Bank to take possession of the inventory and

personal property and to undertake efforts to collect the Debtor's outstanding accounts

receivable, all subject to further Order of the Court.  Id.

15.      On or about, March 6, 2015, a "Motion by Modern Bank, N.A. For Relief From

the Automatic Stay to Enable It to Foreclose Its Perfected Security Interest in, and Take Peaceful

Possession of, Sale Proceeds, that are Part of Its Prepetition Collateral" (the "Lift Stay Motion")

was filed.  ECF Doc. No. 48.  A copy of the Lift Stay Motion is attached hereto as Exhibit E.

16.    The Lift Stay Motion alleged that two sales conducted by the Debtor resulted in aggregate net proceeds of $147,516.00.  ECF Doc. No. 48, ¶ 9.

17.    The Lift Stay Motion also alleged that as of March 5, 2015, there was a total of $171,063.58 in the Debtor-in-Possession bank accounts of the Debtor.  ECF Doc. No. 48, ¶ 14.

18.    The Lift Stay Motion further alleged that the Debtor made a total of $120,000.00 in adequate protection payments to Modern Bank pursuant to the Interim Order and subsequent orders.  ECF Doc. No. 48, ¶ 15.

19.    On March 26, 2015, an Order  was entered lifting the automatic stay as to Modern Bank, allowing Modern Bank to take possession of the Sale Proceeds (as defined in the Lift Stay Motion), that were part of its Prepetition Collateral (as defined in the Lift Stay Motion).  ECF Doc. No. 50.

20.    In accordance with a letter dated March 24, 2015, Debtor's counsel advised the Court that he has received no communication from Debtor's management and no guidance on the issue of the dismissal or conversion of the Debtor's case.  ECF Doc. No. 49.

**Failure to file Reports**

21.    As of the date hereof, the last operating report filed by the Debtor was for the period ended December 31, 2014 (the "December 2014 Report").  ECF Doc. No. 44.

22.    I have not received any request from the Debtor to permit it not to file any further operating reports and to my knowledge, no such permission has been granted by the Court.

23.    The December 2014 Report showed cash on hand at the end of the reporting period of $111,841.00 and Accounts Receivable of $177,007.00.  ECF Doc. No. 44.

24.     As of the date hereof, the Debtor is current with respect to its obligation to pay

United States Trustee quarterly fees through the fourth quarter of 2014.

25.     Executed this 30th day of March, 2015, at New York, New York.

                                        ___***/s/ Brian S. Masumoto***_____
                                        Trial Attorney

# EXHIBIT  A

B1 (Official Form 1)(04/13)

| United States Bankruptcy Court<br>Southern District of New York | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Rena Lange (USA) Inc.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**DBA Mabrun; DBA St. Emile; DBA Gloriette** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all)<br>**13-3721928** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all) |

| Street Address of Debtor (No. and Street, City, and State):<br>**430 West 14th Street<br>Suite 201<br>New York, NY**                             ZIP Code **10014** | Street Address of Joint Debtor (No. and Street, City, and State):                             ZIP Code |
|---|---|
| County of Residence or of the Principal Place of Business:<br>**New York** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):                             ZIP Code | Mailing Address of Joint Debtor (if different from street address):                             ZIP Code |

Location of Principal Assets of Business Debtor
(if different from street address above):

| **Type of Debtor**<br>(Form of Organization) (Check one box)<br>☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>■ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | **Nature of Business**<br>(Check one box)<br>☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>■ Other | **Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)<br>☐ Chapter 7<br>☐ Chapter 9<br>■ Chapter 11<br>☐ Chapter 12<br>☐ Chapter 13<br>☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding |
|---|---|---|
| **Chapter 15 Debtors**<br>Country of debtor's center of main interests:<br>Each country in which a foreign proceeding by, regarding, or against debtor is pending: | **Tax-Exempt Entity**<br>(Check box, if applicable)<br>☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code). | **Nature of Debts**<br>(Check one box)<br>☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."     ■ Debts are primarily business debts. |

| **Filing Fee** (Check one box)<br>■ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | **Chapter 11 Debtors**<br>Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>■ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 *(amount subject to adjustment on 4/01/16 and every three years thereafter).*<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |
|---|---|

| **Statistical/Administrative Information**<br>■ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|

Estimated Number of Creditors

| ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |

Estimated Assets

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

B1 (Official Form 1)(04/13)                                                                                              Page 2

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Rena Lange (USA) Inc.** |

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet) | | |
|---|---|---|
| Location<br>Where Filed:  **- None -** | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:<br>**M.Lange & Co. GmbH** | Case Number:<br>**1542 IN 2881/14** | Date Filed:<br>**9/09/14** |
| District:<br>**Local Court of Munich, Germany** | Relationship:<br>**Parent** | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b).<br><br>X _____<br>    Signature of Attorney for Debtor(s)        (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

■ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box)

■    Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐    There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐    Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes)

☐    Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

        _____<br>
        (Name of landlord that obtained judgment)

        _____<br>
        (Address of landlord)

☐    Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐    Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐    Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1)(04/13)                                                                                                                Page 3

# Voluntary Petition
*(This page must be completed and filed in every case)*

| Name of Debtor(s): |
| --- |
| **Rena Lange (USA) Inc.** |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X** _____
Signature of Debtor

**X** _____
Signature of Joint Debtor

Telephone Number (If not represented by attorney)

_____
Date

### Signature of Attorney*

**X**  **/s/ Wayne M. Greenwald**
Signature of Attorney for Debtor(s)

**Wayne M. Greenwald WG6758**
Printed Name of Attorney for Debtor(s)

**Wayne Greenwald, P.C..**
Firm Name

**475 Park Avenue South**
**26th Floor**
**New York, NY 10016**

Address

**Email: grimlawyers@aol.com**
**212-983-1922  Fax: 212-983-1965**
Telephone Number

**October  7, 2014**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X**  **/s/ Tracy Welch**
Signature of Authorized Individual

**Tracy Welch**
Printed Name of Authorized Individual

**President**
Title of Authorized Individual

**October  7, 2014**
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

**X** _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankrtpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

**X** _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. §110; 18 U.S.C. §156.*

B4 (Official Form 4) (12/07)

# United States Bankruptcy Court
## Southern District of New York

In re    **Rena Lange (USA) Inc.**

Debtor(s)

Case No.

Chapter    **11**

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [or chapter 9] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. If a minor child is one of the creditors holding the 20 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

| (1)<br><br>*Name of creditor and complete mailing address including zip code* | (2)<br><br>*Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | (3)<br><br>*Nature of claim (trade debt, bank loan, government contract, etc.)* | (4)<br><br>*Indicate if claim is contingent, unliquidated, disputed, or subject to setoff* | (5)<br><br>*Amount of claim [if secured, also state value of security]* |
|---|---|---|---|---|
| **Ben's Luxury Car & Limousine**<br>**11-01 43rd Avenue**<br>**Long Island City, NY 11101** | **Ben's Luxury Car & Limousine**<br>**11-01 43rd Avenue**<br>**Long Island City, NY 11101** | | **Unliquidated** | **177.66** |
| **Canon Financial Services**<br>**14904 Collections Center Drive**<br>**Chicago, IL 60693** | **Canon Financial Services**<br>**14904 Collections Center Drive**<br>**Chicago, IL 60693** | | **Unliquidated** | **259.18** |
| **Coffee Distributing Corp**<br>**200 Broadway**<br>**New Hyde Park, NY 11040** | **Coffee Distributing Corp**<br>**200 Broadway**<br>**New Hyde Park, NY 11040** | | **Unliquidated** | **153.55** |
| **DGA Security Systems, Inc**<br>**429 West 53rd Street**<br>**New York, NY 10101** | **DGA Security Systems, Inc**<br>**429 West 53rd Street**<br>**New York, NY 10101** | | **Unliquidated** | **1,712.92** |
| **FedEx**<br>**PO Box 371461**<br>**Pittsburgh, PA 15250** | **FedEx**<br>**PO Box 371461**<br>**Pittsburgh, PA 15250** | | **Unliquidated** | **532.41** |
| **Girl Oh Boy Models Inc**<br>**130 West 56th Street**<br>**Suite 4M**<br>**New York, NY 10019** | **Girl Oh Boy Models Inc**<br>**130 West 56th Street**<br>**Suite 4M**<br>**New York, NY 10019** | | **Unliquidated** | **360.00** |
| **GXS, Inc.**<br>**PO Box 640371**<br>**Pittsburgh, PA 15264** | **GXS, Inc.**<br>**PO Box 640371**<br>**Pittsburgh, PA 15264** | | **Unliquidated** | **205.19** |
| **Harleysville Insurance Processing Center**<br>**PO Box 37712**<br>**Philadelphia, PA 19101** | **Harleysville Insurance Processing Center**<br>**PO Box 37712**<br>**Philadelphia, PA 19101** | | **Unliquidated** | **3,378.73** |
| **Kaufman Brothers, Inc.**<br>**327 West 36th Street**<br>**New York, NY 10018** | **Kaufman Brothers, Inc.**<br>**327 West 36th Street**<br>**New York, NY 10018** | | **Unliquidated** | **100.17** |
| **Larstrand Corporation**<br>**22 Est 65th Street**<br>**5th Floor**<br>**New York, NY 10065** | **Larstrand Corporation**<br>**22 Est 65th Street**<br>**5th Floor**<br>**New York, NY 10065** | | **Unliquidated** | **751.01** |

B4 (Official Form 4) (12/07) - Cont.

In re  **Rena Lange (USA) Inc.**                                    Case No. _____
_____
                    Debtor(s)

# LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
## (Continuation Sheet)

| (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|
| *Name of creditor and complete mailing address including zip code* | *Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | *Nature of claim (trade debt, bank loan, government contract, etc.)* | *Indicate if claim is contingent, unliquidated, disputed, or subject to setoff* | *Amount of claim [if secured, also state value of security]* |
| M. Lange & Co. GmbH c/o Gerloff, Liebler, etc Nymphenburger Str. 4 80335 Munich, Germany | M. Lange & Co. GmbH c/o Gerloff, Liebler, etc Nymphenburger Str. 4 80335 Munich, Germany | | Unliquidated Disputed | 1,762,826.66 |
| Mabrun S.p.a. Via S Andrea 14/16 Loc. San Lazzoro 36061 Bassano, DE | Mabrun S.p.a. Via S Andrea 14/16 Loc. San Lazzoro 36061 Bassano, DE | | Unliquidated Disputed | 60,473.59 |
| Megapath PO Box 39000 Dept 33408 San Francisco, CA 94139 | Megapath PO Box 39000 Dept 33408 San Francisco, CA 94139 | | Unliquidated | 142.94 |
| Meghan L. Beard Inc. 549 West 149th Street New York, NY 10031 | Meghan L. Beard Inc. 549 West 149th Street New York, NY 10031 | | Unliquidated | 2,304.00 |
| Roanoke Trade Service, Inc. 61 Broadway Suite 2700 New York, NY 10006 | Roanoke Trade Service, Inc. 61 Broadway Suite 2700 New York, NY 10006 | | Unliquidated | 494.56 |
| Schaefer Trans, Inc. 580 Atlantic Avenue East Rockaway, NY 11518 | Schaefer Trans, Inc. 580 Atlantic Avenue East Rockaway, NY 11518 | | Unliquidated | 30,682.46 |
| Thor ASB 875 Washing Street LL c/o Sierra Real Estate 600 Madison Avenue, 3rd Floor New York, NY 10022 | Thor ASB 875 Washing Street LL c/o Sierra Real Estate 600 Madison Avenue, 3rd Floor New York, NY 10022 | | Unliquidated | 24,032.56 |
| Total Four Star 19 West 21st Street Suite 601A New York, NY 10014 | Total Four Star 19 West 21st Street Suite 601A New York, NY 10014 | | Unliquidated | 293.96 |
| UPS PO Box 7247-0244 Philadelphia, PA 19170 | UPS PO Box 7247-0244 Philadelphia, PA 19170 | | Unliquidated | 2,023.29 |
| US Customs Service Building # 77 JFK Airport Jamaica, NY 11430 | US Customs Service Building # 77 JFK Airport Jamaica, NY 11430 | | Unliquidated | 10,569.60 |

B4 (Official Form 4) (12/07) - Cont.

In re  **Rena Lange (USA) Inc.**                                          Case No.  _____
_____
Debtor(s)

# LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
## (Continuation Sheet)

# DECLARATION UNDER PENALTY OF PERJURY
# ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the President of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing list and that it is true and correct to the best of my information and belief.

Date  **October 7, 2014**                    Signature  **/s/ Tracy Welch**
_____         _____
**Tracy Welch**
**President**

*Penalty for making a false statement or concealing property*:  Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§  152 and 3571.

# United States Bankruptcy Court

## Southern District of New York

In re   **Rena Lange (USA) Inc.**

                                    ,

Debtor

Case No. _____

Chapter _____ **11** _____

# LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with Rule 1007(a)(3) for filing in this chapter 11 case.

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| **M. Lange & Co. GmbH c/o Gerloff, Liebler, etc Nymphenburger Str. 4 80335 Munich, Germany** | **stock** | **100%** | |

# DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the President of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date   **October  7, 2014**               Signature  **/s/ Tracy Welch**

                                                                **Tracy Welch**

                                                                **President**

*Penalty for making a false statement or concealing property*:  Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C §§  152 and 3571.

  **0**   continuation sheets attached to List of Equity Security Holders

# United States Bankruptcy Court
## Southern District of New York

In re    **Rena Lange (USA) Inc.**                          Case No.

                                  Debtor(s)      Chapter     **11**

# VERIFICATION OF CREDITOR MATRIX

I, the President of the corporation named as the debtor in this case, hereby verify that the attached list of creditors is true and correct

to the best of my knowledge.

Date:    **October  7, 2014**                  **/s/ Tracy Welch**

                                            **Tracy Welch**/**President**
                                            Signer/Title

1 EDI SOURCE
PO BOX 74206
CLEVELAND, OH 44194-4206


AGILITY TALENT
349 5TH AVENUE, 8TH FLOOR
NEW YORK, NY 10016


AMEX
P.O. BOX 1270
NEWARK, NJ 07101-1270


ASSOC PENSION CONSULTANTS
6800 JERHICO TURNPIKE
SYOSSET, NY 11791


AT&T
PO BOX 537104
ATLANTA, GA 30353-7104


ATLAS PRINT SOLUTIONS
589 8TH AVE
4TH FL
NEW YORK, NY 10018


BANNER LIFE INS.
PO BOX 704526
ATLANTA, GA 30374-4536


BEN'S LUXURY CAR & LIMOUSINE
11-01 43RD AVENUE
LONG ISLAND CITY, NY 11101


CANON FINANCIAL SERVICES
14904 COLLECTIONS CENTER DRIVE
CHICAGO, IL 60693


COFFEE DISTRIBUTING CORP
200 BROADWAY
NEW HYDE PARK, NY 11040


CSC
PO BOX 13397
PHILADELPHIA, PA 19101-3397

CT CORP
PO BOX 4349
CAROL STREAM, IL 60197-4349


DGA SECURITY SYSTEMS, INC
429 WEST 53RD STREET
NEW YORK, NY 10101


DI CENTRAL
1199 NASA PARKWAY SUITE 101
HOUSTON, TX 77058


DI CENTRAL
1199 NASA PARKWAY - SUITE 101


EISNER AMPER
6900 JERICHO TPKE, SUITE 312
SYOSSET, NY 11792


ESTATE OF MELVIN FRIEDLAND ETC
22 EAST 65TH STREET
NEW YORK, NY 10065


ESTO GRAPHICS
58 SEABRING STREET
BROOKLYN, NY 11231


EULER ACI
800 RED BROOK BLVD
OWINGS MILLS, MD 21117


FASHION CALENDAR
153 EAST 87TH STREET
NEW YORK, NY 10128


FEDEX
PO BOX 371461
PITTSBURGH, PA 15250


FLO-TECH
699 MIDDLE STREET
MIDDLETOWN, CT 06457

FOUR STAR
19 WEST 21ST STREET SUITE 601A
NEW YORK, NY 10014


FRANCHISE TAX BOARD
PO BOX 942857
SACRAMENTO, CA 94257-0531


GIRL OH BOY MODELS INC
130 WEST 56TH STREET
SUITE 4M
NEW YORK, NY 10019


GLORIETTE
KASTELLSTRASSE 46
STEGERSBACH AUSTRIA 7551


GLORIETTE
KASTELLSTRASSE 46 7551
STEGERSBACH
AUSTRIA


GS1
P.O BOX 71-3034
COLUMBUS, OH 43271-3034


GXS, INC.
PO BOX 640371
PITTSBURGH, PA 15264


HARLEYSVILLE INSURANCE
PROCESSING CENTER
PO BOX 37712
PHILADELPHIA, PA 19101


HARLEYSVILLE INSURANCE
PROCESSING CENTER
P.O BOX 37712
PHILADELPHIA, PA 19101-5012


IES!
PO BOX 660654
DALLAS, TX 75266-0654

```
IESI
PO BOX 660654
DALLAS, TX 75266


INTERNAL REVENUE SERVICE
10 METROTECH CENTER
625 FULTON STREET
BROOKLYN, NY 11201


INTERTRADE SYSTEMS
C/O T65036U
PO BOX 55811
BOSTON, MA 02205-5811


KASTLE SYSTEMS OF NY
655 THIRD AVENUE, SUITE 1520
NEW YORK, NY 10017


KAUFMAN BROTHERS, INC.
327 WEST 36TH STREET
NEW YORK, NY 10018


LARSTRAND CORPORATION
22 EST 65TH STREET
5TH FLOOR
NEW YORK, NY 10065


M. LANGE & CO. GMBH
C/O GERLOFF, LIEBLER, ETC
 NYMPHENBURGER STR. 4 80335
MUNICH, GERMANY


MABRUN S.P.A.
VIA S ANDREA 14/16 LOC.
SAN LAZZORO 36061
BASSANO, DE


MANHARTTAN MINI STORAGE
520 WEST 17TH ST
NEW YORK, NY 10011


MASSACHUSETTS CASUALTY
P.O.  BOX 371485
PITTSBURGH, PA 15250
```

MEGAPATH
PO BOX 39000
DEPT 33408
SAN FRANCISCO, CA 94139


MEGHAN L. BEARD INC.
549 WEST 149TH STREET
NEW YORK, NY 10031


MET LIFE
SMALL BUS CENTER
P.O. BOX 804466
KANSAS CITY, MO 64180-4466


MODERN BANK, N.A.
667 MADISON AVENUE
NEW YORK, NY 10065


NEIMAN MARCUS PR
ATTN: REBECCA BRODNAN
3393 PEACHTREE ROAD NE
ATLANTA, GA 30326


NEIMAN MARCUS SH
ATTN: ALEXA ASMAR
1200 MORRIS TURNPIKE
SHORT HILLS, NJ 07078


NEIMAN MARCUS TT
ATTN: MELISSA EKBLOM
2255 INTERNATIONAL DR
MC LEAN, VA 22102


NY DEPT OF STATE
ONE COMMERCE PLAZA
99 WASHINGTON
ALBANY, NY 12231-0001


NY UNEPLOYMENT INS
PO BOX 4301
BINGHAMTON, NY 13902-4301


NYC  DEPT. OF BLDGS
280 BROADWAY 6TH FL.
NEW YORK, NY 10007

NYC DEPT OF FINANCE
345 ADAMS STREET
LEGAL AFFAIRS D, COHEN
BROOKLYN, NY 11201


NYS DEPT OF TAX AND FIN
BANKRUPTCY SPECIAL PROC.
PO BOX 5300
ALBANY, NY 12205-0300


OXFORD
P.O. BOX 1697
NEWARK, NJ 07101-1696


PITNEY BOWES
P.O. BOX 371887
PITTSBURGH, PA 15250-7887


PURCHASE POWER
P.O. BOX 856042
LOUISVILLE, KY 40285-6042


QUALITY TRANSPORTATION
ATTN: A/R DEPT
18 PARK PLACE, DEPT 01
PARAMUS, NJ 07652


QUALITY TRANSPORTATION
ATTN: A/R 18
PARK PLACE, DEPT 01
PARAMUS, NJ 07652


ROANOKE TRADE SERVICE, INC.
61 BROADWAY SUITE 2700
NEW YORK, NY 10006


S-4 SOLUTIONS
10846 BROADVIEW BAY POINT
BOYNTON BEACH, FL 33473


SASCO
313 HIGH STREET
P.O. BOX 400
HACKETTSTOWN, NJ 07840

SCHAEFER TRANS, INC.
580 ATLANTIC AVENUE
EAST ROCKAWAY, NY 11518


STATE INSURANCE FUND
P.O BOX 1100 199
CHURCH STREET
NEW YORK, NY 10007-1100


STEVEN COHEN, ESQ.
WACHTEL MISSRY
885 SECOND AVENUE
NEW YORK, NY 10017


THOR ASB 875 WASHING STREET LL
C/O SIERRA REAL ESTATE
600 MADISON AVENUE, 3RD FLOOR
NEW YORK, NY 10022


THOR ASB 875 WASHINGT, ST. LLC
C/O SIERRA REAL ESTATE LLC
600 MADISON AVE
NEW YORK, NY 10022


TOTAL FOUR STAR
19 WEST 21ST STREET
SUITE 601A
NEW YORK, NY 10014


TRADE ROSK GROUP
305 FLORAL VALE BLVD
MORRISVILLE, PA 19067


UPS
PO BOX 7247-0244
PHILADELPHIA, PA 19170


UPS SUPPLY CHAIN SOLUTIONS, IN
28013 NETWORK PLACE
CHICAGO, IL 60673


US CUSTOMS SERVICE
BUILDING # 77
JFK AIRPORT
JAMAICA, NY 11430

US FISH & WILDLIFE SERVICE
70 EAST SUNRISE HWY SUITE 419
VALLEY STREAM, NY 11581


VERIZON
P O BOX 489
NEWARK, NJ 07101-0489


VERIZON WIRELESS
P.O. BOX 15124
ALBANY, NY 12212-5124

# United States Bankruptcy Court
## Southern District of New York

In re    **Rena Lange (USA) Inc.**                  Case No.

                         Debtor(s)           Chapter     **11**

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for   **Rena Lange (USA) Inc.**   in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

**M. Lange & Co. GmbH**
**c/o Gerloff, Liebler, etc**
**Nymphenburger Str. 4 80335**
**Munich, Germany**

☐ None [*Check if applicable*]

**October  7, 2014**                     **/s/ Wayne M. Greenwald**

Date                                      **Wayne M. Greenwald**

Signature of Attorney or Litigant
Counsel for    **Rena Lange (USA) Inc.**

**Wayne Greenwald, P.C..**
**475 Park Avenue South**
**26th Floor**
**New York, NY 10016**
**212-983-1922 Fax:212-983-1965**
**grimlawyers@aol.com**

# EXHIBIT  B

B4 (Official Form 4) (12/07)

# United States Bankruptcy Court
## Southern District of New York

In re  **Rena Lange (USA) Inc.**

Debtor(s)

Case No.  **14-12831-smb**

Chapter  **11**

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

    Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [or chapter 9] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. If a minor child is one of the creditors holding the 20 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

| (1)<br><br>*Name of creditor and complete mailing address including zip code* | (2)<br><br>*Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | (3)<br><br>*Nature of claim (trade debt, bank loan, government contract, etc.)* | (4)<br><br>*Indicate if claim is contingent, unliquidated, disputed, or subject to setoff* | (5)<br><br>*Amount of claim [if secured, also state value of security]* |
|---|---|---|---|---|
| 1 EDI Source<br>PO Box 74206<br>Cleveland, OH 44194 | 1 EDI Source<br>PO Box 74206<br>Cleveland, OH 44194 | | Unliquidated | 578.00 |
| Canon Financial Services<br>14904 Collections Center Drive<br>Chicago, IL 60693 | Canon Financial Services<br>14904 Collections Center Drive<br>Chicago, IL 60693 | | Unliquidated | 259.18 |
| DGA Security Systems, Inc<br>429 West 53rd Street<br>New York, NY 10101 | DGA Security Systems, Inc<br>429 West 53rd Street<br>New York, NY 10101 | | Unliquidated | 1,712.92 |
| Estate of Melvin Friedland etc<br>22 East 65th Street<br>New York, NY 10065 | Estate of Melvin Friedland etc<br>22 East 65th Street<br>New York, NY 10065 | Security Deposit | Unliquidated<br>Disputed | 5,000,000.00<br><br>(1,250,000.00 secured) |
| FedEx<br>PO Box 371461<br>Pittsburgh, PA 15250 | FedEx<br>PO Box 371461<br>Pittsburgh, PA 15250 | | Unliquidated | 532.41 |
| Girl Oh Boy Models Inc<br>130 West 56th Street<br>Suite 4M<br>New York, NY 10019 | Girl Oh Boy Models Inc<br>130 West 56th Street<br>Suite 4M<br>New York, NY 10019 | | Unliquidated | 360.00 |
| GXS, Inc.<br>PO Box 640371<br>Pittsburgh, PA 15264 | GXS, Inc.<br>PO Box 640371<br>Pittsburgh, PA 15264 | | Unliquidated | 205.19 |
| Harleysville Insurance Processing Center<br>PO Box 37712<br>Philadelphia, PA 19101 | Harleysville Insurance Processing Center<br>PO Box 37712<br>Philadelphia, PA 19101 | | Unliquidated | 3,378.73 |
| Larstrand Corporation<br>22 Est 65th Street<br>5th Floor<br>New York, NY 10065 | Larstrand Corporation<br>22 Est 65th Street<br>5th Floor<br>New York, NY 10065 | | Unliquidated | 751.01 |
| M. Lange & Co. GmbH<br>c/o Gerloff, Liebler, etc<br>Nymphenburger Str. 4 80335<br>Munich, Germany | M. Lange & Co. GmbH<br>c/o Gerloff, Liebler, etc<br>Nymphenburger Str. 4 80335<br>Munich, Germany | | Unliquidated<br>Disputed | 1,762,826.66 |

B4 (Official Form 4) (12/07) - Cont.

In re    **Rena Lange (USA) Inc.**                                          Case No.    **14-12831-smb**
                                    Debtor(s)

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
(Continuation Sheet)

| (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|
| *Name of creditor and complete mailing address including zip code* | *Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | *Nature of claim (trade debt, bank loan, government contract, etc.)* | *Indicate if claim is contingent, unliquidated, disputed, or subject to setoff* | *Amount of claim [if secured, also state value of security]* |
| Mabrun S.p.a.<br>Via S Andrea 14/16 Loc.<br>San Lazzaro 36061<br>Bassano del Grappa, IT | Mabrun S.p.a.<br>Via S Andrea 14/16 Loc.<br>San Lazzaro 36061<br>Bassano del Grappa, IT | | Unliquidated | 68,594.00 |
| Meghan L. Beard Inc.<br>549 West 149th Street<br>New York, NY 10031 | Meghan L. Beard Inc.<br>549 West 149th Street<br>New York, NY 10031 | | Unliquidated | 2,304.00 |
| Roanoke Trade Service, Inc.<br>61 Broadway Suite 2700<br>New York, NY 10006 | Roanoke Trade Service, Inc.<br>61 Broadway Suite 2700<br>New York, NY 10006 | | Unliquidated | 494.56 |
| Saks Fifth Avenue/Lord & Taylo<br>PO Box 20040<br>Jackson, MS 39289-0040 | Saks Fifth Avenue/Lord & Taylo<br>PO Box 20040<br>Jackson, MS 39289-0040 | | Unliquidated | 14,000.00 |
| Schaefer Trans, Inc.<br>580 Atlantic Avenue<br>East Rockaway, NY 11518 | Schaefer Trans, Inc.<br>580 Atlantic Avenue<br>East Rockaway, NY 11518 | | Unliquidated | 30,682.46 |
| St. Emile<br>Wallstrasse 6<br>63839 Kleinwallstadt DE | St. Emile<br>Wallstrasse 6<br>63839 Kleinwallstadt DE | | Unliquidated | 22,731.60 |
| Thor ASB 875 Washing Street LL<br>c/o Sierra Real Estate<br>600 Madison Avenue, 3rd Floor<br>New York, NY 10022 | Thor ASB 875 Washing Street LL<br>c/o Sierra Real Estate<br>600 Madison Avenue, 3rd Floor<br>New York, NY 10022 | | Unliquidated | 24,032.26 |
| Total Four Star<br>19 West 21st Street<br>Suite 601A<br>New York, NY 10014 | Total Four Star<br>19 West 21st Street<br>Suite 601A<br>New York, NY 10014 | | Unliquidated | 293.96 |
| UPS<br>PO Box 7247-0244<br>Philadelphia, PA 19170 | UPS<br>PO Box 7247-0244<br>Philadelphia, PA 19170 | | Unliquidated | 2,023.29 |
| US Customs Service<br>Building # 77<br>JFK Airport<br>Jamaica, NY 11430 | US Customs Service<br>Building # 77<br>JFK Airport<br>Jamaica, NY 11430 | | Unliquidated | 10,569.60 |

**B4 (Official Form 4) (12/07) - Cont.**

In re    **Rena Lange (USA) Inc.**                                    Case No.    **14-12831-smb**

                    Debtor(s)

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
(Continuation Sheet)

## DECLARATION UNDER PENALTY OF PERJURY
## ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the President of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing list and that it is true and correct to the best of my information and belief.

Date    **November  6, 2014**                        Signature    **/s/ Tracy Welch**

                                                                    **Tracy Welch**
                                                                    **President**

*Penalty for making a false statement or concealing property*:  Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§  152 and 3571.

B 6 Summary (Official Form 6 - Summary) (12/13)

.

# United States Bankruptcy Court
## Southern District of New York

In re    **Rena Lange (USA) Inc.**                                    ,       Case No.    **14-12831-smb**

                               Debtor

            Chapter                     **11**

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 0.00 | | |
| B - Personal Property | Yes | 4 | 1,267,059.05 | | |
| C - Property Claimed as Exempt | No | 0 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 5,535,000.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 2 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 14 | | 1,947,108.33 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | No | 0 | | | N/A |
| J - Current Expenditures of Individual Debtor(s) | No | 0 | | | N/A |
| Total Number of Sheets of ALL Schedules | | 24 | | | |
| Total Assets | | | 1,267,059.05 | | |
| Total Liabilities | | | | 7,482,108.33 | |

B 6 Summary (Official Form 6 - Summary) (12/13)

# United States Bankruptcy Court
## Southern District of New York

In re  **Rena Lange (USA) Inc.**                                    ,    Case No.    **14-12831-smb**

Debtor

Chapter                    **11**

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | |
| Student Loan Obligations (from Schedule F) | |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | |
| TOTAL | |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 12) | |
| Average Expenses (from Schedule J, Line 22) | |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | |
| 4. Total from Schedule F | | |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | |

B6A (Official Form 6A) (12/07)

.

In re    **Rena Lange (USA) Inc.**                                    ,    Case No.    **14-12831-smb**
                                        Debtor

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **None** | | | | |

|  |  |  |
|---|---|---|
| Sub-Total > | **0.00** | (Total of this page) |
| Total > | **0.00** | |

__0__   continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

B6B (Official Form 6B) (12/07)

.

In re    **Rena Lange (USA) Inc.**                                                    ,    Case No.    **14-12831-smb**
                                                    Debtor

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1.  Cash on hand | | **Office Petty Cash** | - | 23.63 |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Modern Bank Operating Account** **New York, New York** **x-4587** | - | 0.00 |
| | | **Wells Fargo Bank Operating Account** **New York, New York** **x-9902** | - | 9,960.00 |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | | **Thor ASB 875 Washington Street LLC** **Letter of Credit with Parent Company** | - | 56,353.00 |
| | | **787 Madison LLC** | - | 250,000.00 |
| | | **Security Deposit** | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | | **Fixed Assets** | - | 137,652.42 |
| 5.  Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6.  Wearing apparel. | X | | | |
| 7.  Furs and jewelry. | X | | | |
| 8.  Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9.  Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |

                                                                Sub-Total >          453,989.05
                                                                (Total of this page)

____3____    continuation sheets attached to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re  **Rena Lange (USA) Inc.**                                                      , Case No. **14-12831-smb**
_____
                              Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | | **Rena Lange Brand** | - | 116,450.00 |
| | | **Mabrun and Gloriette** | - | 62,816.00 |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |

Sub-Total >    179,266.00
(Total of this page)

Sheet __1__ of __3__ continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    **Rena Lange (USA) Inc.**                                            ,    Case No.    **14-12831-smb**
                                                                    Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | | **Customer List** | - | **Unknown** |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | | **Merchandise samples of past seasons Location: Showroom on 14th Street** | - | **467,262.00** |
| | | **Merchandise samples of current season (resort/Spring 2015) currently on the road** | - | **110,000.00** |
| | | **Other clothing lines** | - | **56,542.00** |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |

Sub-Total >    **633,804.00**
(Total of this page)

Sheet __2__ of __3__ continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    **Rena Lange (USA) Inc.**                                    ,    Case No.    __14-12831-smb__
                                         Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

|  | Sub-Total ><br>(Total of this page) | **0.00** |
|---|---|---|
|  | Total > | **1,267,059.05** |

Sheet __3__ of __3__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

B6D (Official Form 6D) (12/07)

In re **Rena Lange (USA) Inc.**                                                    Case No. **14-12831-smb**

_____,
                            Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

    State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

    List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

    If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

    If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

    Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | | |
| Account No. | | | | 12/31/2013 | | | | | |
| **Estate of Melvin Friedland etc** **22 East 65th Street** **New York, NY 10065** | X | - | | **Possesory** **Security Deposit** | | X | X | | |
| | | | | Value $                1,250,000.00 | | | | 5,000,000.00 | 3,750,000.00 |
| Account No. | | | | April 18, 2011 | | | | | |
| **Modern Bank, N.A.** **667 Madison Avenue** **New York, NY 10065** | X | - | | **Non-Purchase Money Security** **All assets** | | X | X | | |
| | | | | Value $                     Unknown | | | | 535,000.00 | Unknown |
| Account No. | | | | | | | | | |
| | | | | | | | | | |
| | | | | Value $ | | | | | |
| Account No. | | | | | | | | | |
| | | | | | | | | | |
| | | | | Value $ | | | | | |

**_0_** continuation sheets attached

| | | |
|---|---|---|
| Subtotal (Total of this page) | 5,535,000.00 | 3,750,000.00 |
| Total (Report on Summary of Schedules) | 5,535,000.00 | 3,750,000.00 |

B6E (Official Form 6E) (4/13)

.

In re    **Rena Lange (USA) Inc.**                                              ,    Case No.    **14-12831-smb**
Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**  (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

■ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

_* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment._

1    continuation sheets attached

B6E (Official Form 6E) (4/13) - Cont.

In re    **Rena Lange (USA) Inc.**                                        ,    Case No.    **14-12831-smb**
                                    Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

**Taxes and Certain Other Debts
Owed to Governmental Units**

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY / AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|
| Account No. | | | For Notice Purposes | | | | | |
| **Internal Revenue Service 10 Metrotech Center 625 Fulton Street Brooklyn, NY 11201** | - | | | | | | 0.00 | 0.00 0.00 |
| Account No. | | | For Notice Purpsoes | | | | | |
| **NYC Dept of Finance 345 Adams Street Legal Affairs D, Cohen Brooklyn, NY 11201** | - | | | | | | 0.00 | 0.00 0.00 |
| Account No. | | | For Notice Purposes | | | | | |
| **NYS Dept of Tax and Fin Bankruptcy Special proc. PO Box 5300 Albany, NY 12205-0300** | - | | | | | X | 0.00 | 0.00 0.00 |
| Account No. | | | | | | | | |
| | | | | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |

Sheet  1  of  1  continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims

| | Subtotal (Total of this page) | 0.00 0.00 | 0.00 |
|---|---|---|---|
| | Total (Report on Summary of Schedules) | 0.00 0.00 | 0.00 |

B6F (Official Form 6F) (12/07)

In re    **Rena Lange (USA) Inc.**                                                ,    Case No.    **14-12831-smb**
                                        Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J | C | | | | | |
| Account No.<br><br>**1 EDI Source<br>PO Box 74206<br>Cleveland, OH 44194** | | - | | | | | X | | 578.00 |
| Account No.<br><br>**Agility Talent<br>349 5th Avenue<br>8th Floor<br>New York, NY 10016** | | - | | | | | X | | 0.00 |
| Account No.  **x- x9004**<br><br>**AMEX<br>PO Box 1270<br>Newark, NJ 07101** | | - | | | | | X | | 0.00 |
| Account No.<br><br>**Associated Pension Consultants<br>6800 Jericho Turnpike<br>Suite 200W<br>Syosset, NY 11791** | | - | | | | | X | | 0.00 |

___13___   continuation sheets attached

Subtotal
(Total of this page)                                        578.00

B6F (Official Form 6F) (12/07) - Cont.

In re   **Rena Lange (USA) Inc.** ,                              Case No.   **14-12831-smb**
                        Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. | | | | | | | |
| **AT&T** PO Box 537104 Atlanta, GA 30353 | - | | | | X | | 0.00 |
| Account No. | | | | | | | |
| **Atlas Print Solutions** 589 Eighth Avenue 4th Floor New York, NY 10018 | - | | | | X | | 0.00 |
| Account No. | | | | | | | |
| **Banner Life Insurance Company** PO Box 740526 Atlanta, GA 30374 | - | | | | X | | 0.00 |
| Account No. | | | 8/31/2014, 9/14/2014 | | | | |
| **Ben's Luxury Car & Limousine** 11-01 43rd Avenue Long Island City, NY 11101 | - | | | | X | | 177.66 |
| Account No. | | | 10/1/2014 | | | | |
| **Canon Financial Services** 14904 Collections Center Drive Chicago, IL 60693 | - | | | | X | | 259.18 |

Sheet no. __1__ of __13__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)                        436.84

B6F (Official Form 6F) (12/07) - Cont.

In re   **Rena Lange (USA) Inc.**                                          ,          Case No.   **14-12831-smb**
                                    Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. | | | | | | | |
| **Coffee Distributing Corp**<br>**200 Broadway**<br>**New Hyde Park, NY 11040** | - | | | | X | | |
| | | | | | | | 153.55 |
| Account No. | | | | | | | |
| **CSC**<br>**PO Box 13397**<br>**Philadelphia, PA 19101** | - | | | | X | | |
| | | | | | | | 0.00 |
| Account No. | | | | | | | |
| **CT Corporation**<br>**PO Box 4349**<br>**Carol Stream, IL 60197** | - | | | | X | | |
| | | | | | | | 0.00 |
| Account No. | | | | | | | |
| **DGA Security Systems, Inc**<br>**429 West 53rd Street**<br>**New York, NY 10101** | - | | | | X | | |
| | | | | | | | 1,712.92 |
| Account No. | | | | | | | |
| **Di Central**<br>**1199 Nasa Parkway Suite 101**<br>**Houston, TX 77058** | - | | | | X | | |
| | | | | | | | 15.00 |

Sheet no. __2__ of __13__ sheets attached to Schedule of                 Subtotal
Creditors Holding Unsecured Nonpriority Claims                    (Total of this page)          1,881.47

B6F (Official Form 6F) (12/07) - Cont.

In re    **Rena Lange (USA) Inc.**                                    ,        Case No.    **14-12831-smb**
                              Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. | | | | | | | | |
| **EisnerAmper LLP** **Attn: Lois Clinco** **6900 Jericho Tpke, Suite 3121** **Wading River, NY 11792** | - | | | | | X | | **Unknown** |
| Account No. | | | | | | | | |
| **Esto Graphics** **58 Seabring Street** **11231** | - | | | | | X | | 0.00 |
| Account No. | | | | | | | | |
| **Euler ACI** **800 Red Brook Blvd** **Owings Mills, MD 21117** | - | | | | | X | | 0.00 |
| Account No. | | | | | | | | |
| **Fashion Calendar** **153 East 87th Street** **New York, NY 10128** | - | | | | | X | | 0.00 |
| Account No. | | | | | | | | |
| **FedEx** **PO Box 371461** **Pittsburgh, PA 15250** | - | | | | | X | | 532.41 |

Sheet no. __3__ of __13__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal (Total of this page)     532.41

B6F (Official Form 6F) (12/07) - Cont.

In re    **Rena Lange (USA) Inc.**                          ,     Case No.    **14-12831-smb**
                              Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. <br><br> **Flo-Tech** <br> **Attn: David Leslie** <br> **699 Middle Street** <br> **Middletown, CT 06457** | | - | | | X | | 0.00 |
| Account No. <br><br> **Four Star** <br> **19 West 21st Street** <br> **Suite 601A** <br> **New York, NY 10014** | | - | | | X | | 0.00 |
| Account No. <br><br> **Franchise Tax Board** <br> **PO Box 942857** <br> **Sacramento, CA 94257** | | - | | | X | | 0.00 |
| Account No. <br><br> **Girl Oh Boy Models Inc** <br> **130 West 56th Street** <br> **Suite 4M** <br> **New York, NY 10019** | | - | | | X | | 360.00 |
| Account No. <br><br> **Gloriette** <br> **Kastellstrasse 46** <br> **Stegersbach Austria 7551** | | - | | | X | | 0.00 |

Sheet no. __4__ of __13__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)        **360.00**

B6F (Official Form 6F) (12/07) - Cont.

In re   **Rena Lange (USA) Inc.**                                    ,          Case No.   **14-12831-smb**
                                        Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. | | | | | | | |
| GS1 PO Box 71-3034 Columbus, OH 43271 | | - | | | X | | |
| | | | | | | | 0.00 |
| Account No. | | | | | | | |
| GXS, Inc. PO Box 640371 Pittsburgh, PA 15264 | | - | | | X | | |
| | | | | | | | 205.19 |
| Account No. | | | | | | | |
| Harleysville Insurance Processing Center PO Box 37712 Philadelphia, PA 19101 | | - | | | X | | |
| | | | | | | | 3,378.73 |
| Account No. | | | | | | | |
| IESI PO Box 660654 Dallas, TX 75266 | | - | | | X | | |
| | | | | | | | 37.56 |
| Account No. | | | | | | | |
| Intertrade Systems Inc c/o T65036U PO Box 55811 Boston, MA 02205 | | - | | | X | | |
| | | | | | | | 0.00 |

Sheet no. __5__ of __13__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

3,621.48

B6F (Official Form 6F) (12/07) - Cont.

In re    **Rena Lange (USA) Inc.**                                    ,    Case No.    **14-12831-smb**
                                    Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H | W J C | | | | | |
| Account No. | | | | | | | | |
| **Kastle Systems of New York** **655 Third Avenue** **Suite 1520** **New York, NY 10017** | - | | | | | X | | 0.00 |
| Account No. | | | | | | | | |
| **Kaufman Brothers, Inc.** **327 West 36th Street** **New York, NY 10018** | - | | | | | X | | 100.17 |
| Account No. | | | | | | | | |
| **Larstrand Corporation** **22 Est 65th Street** **5th Floor** **New York, NY 10065** | - | | | | | X | | 751.01 |
| Account No. | | | | | | | | |
| **M. Lange & Co. GmbH** **c/o Gerloff, Liebler, etc** **☐Nymphenburger Str. 4 80335** **Munich, Germany** | - | | | | | X | X | 1,762,826.66 |
| Account No. | | | | | | | | |
| **Mabrun S.p.a.** **Via S Andrea 14/16 Loc.** **San Lazzaro 36061** **Bassano del Grappa, IT** | - | | | | | X | | 68,594.00 |

Sheet no. __6__ of __13__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

| 1,832,271.84 |
|---|

B6F (Official Form 6F) (12/07) - Cont.

In re    **Rena Lange (USA) Inc.**                              ,    Case No.    **14-12831-smb**
                                    Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No.<br><br>**Manhattan Mini Storage**<br>**520 West 17th Street**<br>**New York, NY 10011** | - | | | | X | | 0.00 |
| Account No.<br><br>**Massachusetts Casualty**<br>**PO Box 371485**<br>**Pittsburgh, PA 15250** | - | | | | X | | 0.00 |
| Account No.<br><br>**Megapath**<br>**PO Box 39000**<br>**Dept 33408**<br>**San Francisco, CA 94139** | - | | | | X | | 142.94 |
| Account No.<br><br>Meghan L. Beard Inc.<br>549 West 149th Street<br>New York, NY 10031 | - | | | | X | | 2,304.00 |
| Account No.<br><br>**Metlife**<br>**Small Business Office**<br>**PO Box 804466**<br>**Kansas City, MO 64180** | - | | | | X | | 0.00 |

Sheet no. __7__ of __13__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

2,446.94

B6F (Official Form 6F) (12/07) - Cont.

In re    **Rena Lange (USA) Inc.**                                                    ,    Case No. ___**14-12831-smb**___
                                              Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. | | | | | | | | |
| Neiman Marcus PR Attn: Rebecca Brodnan 3393 Peachtree Rd NE Atlanta, GA 30326 | - | | | | | X | | 0.00 |
| Account No. | | | | | | | | |
| Neiman Marcus SH Attn: Alexa Asmar 1200 Morris Turnpike Short Hills, NJ 07078 | - | | | | | X | | 0.00 |
| Account No. | | | | | | | | |
| Neiman Marcus TT Attn: Melissa Ekblom 2255 International Dr Mc Lean, VA 22102 | - | | | | | X | | 0.00 |
| Account No. | | | | | | | | |
| New York State Department of S One Commerce Plaza 99 Washington Avenue Albany, NY 12231 | - | | | | | X | | 0.00 |
| Account No. | | | | | | | | |
| New York State Unemployment In PO Box 4301 Binghampton Binghamton, NY 13902 | - | | | | | X | | 0.00 |

Sheet no. __8__ of __13__ sheets attached to Schedule of          Subtotal                     0.00
Creditors Holding Unsecured Nonpriority Claims               (Total of this page)

B6F (Official Form 6F) (12/07) - Cont.

In re   **Rena Lange (USA) Inc.**                                    ,    Case No.    **14-12831-smb**
                              Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. |  |  |  |  |  |  |  |
| **NYC Dept of Buildings** **280 Broadway** **6th Floor** **New York, NY 10007** | - |  |  |  | X |  | 0.00 |
| Account No. |  |  |  |  |  |  |  |
| **Oxford** **Attn: Brenda Wilder** **PO Box 1697** **Newark, NJ 07101** | - |  |  |  | X |  | 0.00 |
| Account No. |  |  |  |  |  |  |  |
| **Pitney Bowes** **PO Box 371887** **Pittsburgh, PA 15250** | - |  |  |  | X |  | 0.00 |
| Account No. |  |  |  |  |  |  |  |
| **Purchase Power** **PO Box 856042** **Louisville, KY 40285** | - |  |  |  | X |  | 0.00 |
| Account No. |  |  |  |  |  |  |  |
| **Quality Transportation** **Attn: A/R Dept** **18 Park Place, Dept 01** **Paramus, NJ 07652** | - |  |  |  | X |  | 63.00 |

Sheet no. __9__ of __13__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)                63.00

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re    **Rena Lange (USA) Inc.**                                    ,        Case No.    **14-12831-smb**
                              Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. | | | | | | | |
| Roanoke Trade Service, Inc. 61 Broadway Suite 2700 New York, NY 10006 | - | | | | X | | 494.56 |
| Account No. | | | | | | | |
| S-4 Solutions Inc Attn: Richard Grene 10846 Broadview Bay Point Boynton Beach, FL 33473 | - | | | | X | | 0.00 |
| Account No. | | | | | | | |
| Saks Fifth Avenue/Lord & Taylo PO Box 20040 Jackson, MS 39289-0040 | - | | | | X | | 14,000.00 |
| Account No. | | | | | | | |
| SASCO Attn: Ellen Beakman 313 High Street Hackettstown, NJ 07840 | - | | | | X | | 0.00 |
| Account No. | | | | | | | |
| Schaefer Trans, Inc. 580 Atlantic Avenue East Rockaway, NY 11518 | - | | | | X | | 30,682.46 |

Sheet no. __10__ of __13__ sheets attached to Schedule of              Subtotal
Creditors Holding Unsecured Nonpriority Claims                    (Total of this page)          45,177.02

B6F (Official Form 6F) (12/07) - Cont.

In re   **Rena Lange (USA) Inc.**                              , Case No.   **14-12831-smb**
                              Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HWJC | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No.<br>**St. Emile<br>Wallstrasse 6<br>63839 Kleinwallstadt DE** | - | | | | X | | 22,731.60 |
| Account No.<br>**The State Insurance Fund<br>199 Church Street<br>New York, NY 10007** | - | | | | X | | 0.00 |
| Account No.<br>**Thor ASB 875 Washing Street LL<br>c/o Sierra Real Estate<br>600 Madison Avenue, 3rd Floor<br>New York, NY 10022** | - | | | | X | | 24,032.26 |
| Account No.<br>**Total Four Star<br>19 West 21st Street<br>Suite 601A<br>New York, NY 10014** | - | | | | X | | 293.96 |
| Account No.<br>**Trade Risk Group<br>Attn: Jack Cowley<br>305 Floral Vale Blvd<br>Morrisville, PA 19067** | - | | | | X | | 0.00 |

Sheet no. __11__ of __13__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)     **47,057.82**

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re    **Rena Lange (USA) Inc.**                                    ,    Case No.    **14-12831-smb**
                                    Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. | | | | | | | |
| Uline 2200 S Lakeside Drive Waukegan, IL 60085 | - | | | | | | 0.00 |
| Account No. | | | | | | | |
| UPS PO Box 7247-0244 Philadelphia, PA 19170 | - | | | | | X | 2,023.29 |
| Account No. | | | | | | | |
| UPS Supply Chain Solutions, In 28013 Network Place Chicago, IL 60673 | - | | | | | X | 88.62 |
| Account No. | | | | | | | |
| US Customs Service Building # 77 JFK Airport Jamaica, NY 11430 | - | | | | | X | 10,569.60 |
| Account No. | | | | | | | |
| US Fish & Wildlife Services Office of Law Enforcement 70 East Sunrise Hwy, Suite 419 Valley Stream, NY 11581 | - | | | | | X | 0.00 |

Sheet no. __12__ of __13__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**12,681.51**

B6F (Official Form 6F) (12/07) - Cont.

In re    **Rena Lange (USA) Inc.**                                    ,    Case No.    **14-12831-smb**
                          Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. | | | | | | | |
| Verizon PO Box 15124 Albany, NY 12212 | - | | | | X | | 0.00 |
| Account No. | | | | | | | |
| Verizon Wireless PO Box 489 Newark, NJ 07101 | - | | | | X | | 0.00 |
| Account No. | | | | | | | |
| | | | | | | | |
| Account No. | | | | | | | |
| | | | | | | | |
| Account No. | | | | | | | |
| | | | | | | | |

Sheet no. __13__ of __13__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)          **0.00**

Total
(Report on Summary of Schedules)          **1,947,108.33**

B6G (Official Form 6G) (12/07)

.

In re    **Rena Lange (USA) Inc.**                                                    ,    Case No.    **14-12831-smb**
                                        Debtor

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| **Flo-Tech/Canon Financial Servi**<br>**PO Box 5008**<br>**Mount Laurel, NJ 08054** | **Office Copier/Printer Lease**<br><br>**Lease Expires 4/1/2018** |
| **Thor ASB 875 Washingt, St. LLC**<br>**c/o Sierra Real Estate LLC**<br>**600 Madison Ave, 3rd Floor**<br>**New York, NY 10022** | **Office and Showroom.  Lease expires September 30, 2017** |

**0**
_____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

B6H (Official Form 6H) (12/07)

In re    **Rena Lange (USA) Inc.** _____ ,    Case No.   **14-12831-smb** _____

Debtor

# SCHEDULE H - CODEBTORS

    Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐   Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **M. Lange & Co. GmbH**<br>**c/o Gerloff, Liebler, etc**<br>☐**Nymphenburger Str. 4 80335**<br>**Munich, Germany** | **Estate of Melvin Friedland etc**<br>**22 East 65th Street**<br>**New York, NY 10065** |
| **M. Lange & Co. GmbH**<br>**c/o Gerloff, Liebler, etc**<br>☐**Nymphenburger Str. 4 80335**<br>**Munich, Germany** | **Modern Bank, N.A.**<br>**667 Madison Avenue**<br>**New York, NY 10065** |

**0**
_____ continuation sheets attached to Schedule of Codebtors

B6 Declaration (Official Form 6 - Declaration). (12/07)

# United States Bankruptcy Court
## Southern District of New York

In re    **Rena Lange (USA) Inc.**                   Case No.    **14-12831-smb**
                              Debtor(s)           Chapter    **11**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

        I, the President of the corporation named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __**26**__ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date   **November  6, 2014**             Signature    **/s/ Tracy Welch**
                                                   **Tracy Welch**
                                                   **President**

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§  152 and 3571.

B7 (Official Form 7) (04/13)

# United States Bankruptcy Court
## Southern District of New York

In re    __Rena Lange (USA) Inc.__                           Case No.    __14-12831-smb__

                                  Debtor(s)                 Chapter    __11__

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.  To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(2), (31).

---

**1. Income from employment or operation of business**

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$4,515,135.00** | **2014 YTD: Debtor Sales Income** |
| **$6,766,913.00** | **2013: Debtor Sales Income** |
| **$7,238,810.00** | **2012: Debtor Sales Income** |

---

**2. Income other than from employment or operation of business**

None
■

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                         SOURCE

B7 (Official Form 7) (04/13)
2

### 3. Payments to creditors

None
■

*Complete a. or b., as appropriate, and c.*

    a.   *Individual or joint debtor(s) with primarily consumer debts:*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None
☐

    b.   *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|
| **M. Lange & Co. GmbH** c/o Gerloff, Liebler, etc Nymphenburger Str. 4 80335 Munich, Germany | **7/30/2014** | **$100,000.00** | **$0.00** |
| **M. Lange & Co. GmbH** c/o Gerloff, Liebler, etc Nymphenburger Str. 4 80335 Munich, Germany | **8/5/2014** | **$25,000.00** | **$0.00** |

None
☐

    c.   *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| M. Lange & Co. GmbH c/o Gerloff, Liebler, etc Nymphenburger Str. 4 80335 Munich, Germany   Parent Company | 10/8/2013 10/23/2013 11/11/2013 11/18/2013 12/10/2013 12/17/2013 1/9/2014 1/21/2014 1/29/2014 2/5/2014 2/18/2014 2/24/2014 3/4/2014 4/29/2014 7/30/2014 8/5/2014 | $1,855,000.00 | $646,333.00 |

---

*Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B7 (Official Form 7) (04/13)
3

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| **DG Gmbh**<br>**Scheinerstrasse 13**<br>**81679 Munich Germany**<br>   **Parent Co** | **04/08/2014**<br>**04/09/2014**<br>**04/29/2014** | **$83,516.12** | **$0.00** |
| **Commerz Bank** | **05/15/2014** | **$500,000.00** | **$0.00** |
| **Commerz Bank** | **06/03/2014** | **$200,000.00** | **$0.00** |

---

**4.  Suits and administrative proceedings, executions, garnishments and attachments**

None
☐

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **787 Madison LLC v Rena Lange (USA) Inc.**<br>**Index No. 652777/2014** | **Civil** | **Supreme Court of the State of New York**<br>**County of New York**<br>**60 Centre Street**<br>**New York, NY** | **Pending** |
| **1542 IN 2881/2014**<br>**Insolvency Proceedings of Parent Company M. Lange & Co. GmbH, a German Corporation** | | **Local Court of Munich, Germany** | **Pending** |

None
■

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

**5.  Repossessions, foreclosures and returns**

None
■

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

**6.  Assignments and receiverships**

None
■

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

B7 (Official Form 7) (04/13)
4

| None | b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately |
|------|---|
| ■ | preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) |

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

### 7. Gifts

| None | List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary |
|------|---|
| ■ | and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) |

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

### 8. Losses

| None | List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or** |
|------|---|
| ■ | **since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) |

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

### 9. Payments related to debt counseling or bankruptcy

| None | List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation |
|------|---|
| ☐ | concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case. |

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Wayne Greenwald, P.C.**<br>**475 Park Ave S**<br>**26th Floor**<br>**New York, NY 10016** | **10/6/2014** | **Cashier's Check $16777.00** |
| **Wayne Greenwald, P.C.**<br>**475 Park Ave S**<br>**26th Floor**<br>**New York, NY 10016** | **10/6/2014** | **$5,000.00 Cash** |
| **Wayne Greenwald, P.C.**<br>**475 Park Ave S**<br>**26th Floor**<br>**New York, NY 10016** | **09/29/2014** | **$4000.00 check** |

### 10. Other transfers

| None | a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, |
|------|---|
| ■ | transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not the spouses are separated and a joint petition is not filed.) |

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

B7 (Official Form 7) (04/13)
5

None
☐  b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

#### 11. Closed financial accounts

None
☐  List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

#### 12. Safe deposit boxes

None
☐  List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

#### 13. Setoffs

None
☐  List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|
| **Modern Bank, N.A.**<br>**667 Madison Avenue**<br>**New York, NY 10065** | **09/2014** | **Approx. $10,000.00** |

#### 14. Property held for another person

None
☐  List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|
| **Mabrun S.p.a.**<br>**Via S Andrea 14/16 Loc.**<br>**San Lazzoro 36061**<br>**Bassano, DE** | **Clothing Inventory   Approx 40k** | **Debtor's Residence**<br>**40 West 14th Street, Suite 201, New York, NY 10014** |

#### 15. Prior address of debtor

None
☐  If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

B7 (Official Form 7) (04/13)
6

### 16. Spouses and Former Spouses

None
■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

---

### 17. Environmental Information.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None
■

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
■

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
■

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

---

### 18 . Nature, location and name of business

None
☐

a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

B7 (Official Form 7) (04/13)
7

| NAME<br>**Rena Lange (USA) Inc.** | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN<br>13-3721928 | ADDRESS | NATURE OF BUSINESS<br>**Wholesale Couture Clothing for women and men** | BEGINNING AND ENDING DATES<br>**Incorporated June 30, 1993** |
|---|---|---|---|---|

None
■    b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME                                        ADDRESS

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

---

**19. Books, records and financial statements**

None
☑    a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

NAME AND ADDRESS                                                      DATES SERVICES RENDERED
**Lois Clinco, CPA, CFE**
**EisnerAmper LLP**
**6900 Jericho Tpke**
**Suite 312**
**Syosset, NY 11791**

None
☐    b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

NAME                        ADDRESS                              DATES SERVICES RENDERED
**Lois Clinco, CPA, CFE**    **EisnerAmper LLP**
                             **6900 Jericho Tpke**
                             **Suite 312**
                             **Syosset, NY 11791**

None
☐    c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

NAME                                        ADDRESS
**Rena Lange (USA) Inc.**                    **430 West 14th Street**
                                            **Suite 201**
                                            **New York, NY 10014**

None
☐    d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

NAME AND ADDRESS                                        DATE ISSUED
**Modern Bank**                                          **May 2014**
**667 Madison Avenue**
**New York, NY 10065**

B7 (Official Form 7) (04/13)
8

---

### 20. Inventories

None ☐    a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|---|---|---|
| **May 2014** | **Lois Clinco, CPA, CFE** | |

None ☐    b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|
| **May 2014** | **Supervised by Lois Clinco, CPA, CFE EisnerAmper LLP 6900 Jerich Tpke Suite 312 Syosset, NY 11791** |

---

### 21 . Current Partners, Officers, Directors and Shareholders

None ■    a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

None ☐    b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| **Tracy Welch NEED ADDRESS** | **President** | **No Stock Ownership** |

---

### 22 . Former partners, officers, directors and shareholders

None ■    a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None ■    b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

---

### 23 . Withdrawals from a partnership or distributions by a corporation

None ■    If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

B7 (Official Form 7) (04/13)
9

**24. Tax Consolidation Group.**

None
■

If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

NAME OF PARENT CORPORATION                                      TAXPAYER IDENTIFICATION NUMBER (EIN)

**25. Pension Funds.**

None
■

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND                                      TAXPAYER IDENTIFICATION NUMBER (EIN)

* * * * * *

**DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP**

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date **November 6, 2014**                Signature    **/s/ Tracy Welch**
                                                      **Tracy Welch**
                                                      **President**

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

# United States Bankruptcy Court
## Southern District of New York

In re   **Rena Lange (USA) Inc.**                                            Case No.    **14-12831-smb**
                                            Debtor(s)                        Chapter     **11**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.   Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that
     compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to
     be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

     For legal services, I have agreed to accept ........................................    $            **21,777.00**

     Prior to the filing of this statement I have received ............................    $            **21,777.00**

     Balance Due ..........................................................................    $                 **0.00**

2.   The source of the compensation paid to me was:

     ■ Debtor        ☐ Other (specify):

3.   The source of compensation to be paid to me is:

     ■ Debtor        ☐ Other (specify):

4.   ■  I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

     ☐  I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A
        copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5.   In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

     a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
     b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
     c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
     d.  [Other provisions as needed]
         **Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of
         reaffirmation agreements and applications as needed; preparation and filing of motions pursuant to 11 USC
         522(f)(2)(A) for avoidance of liens on household goods.**

6.   By agreement with the debtor(s), the above-disclosed fee does not include the following service:
     **Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or
     any other adversary proceeding.**

---

### CERTIFICATION

     I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in
this bankruptcy proceeding.

Dated:   **November  6, 2014**                              **/s/ Wayne M. Greenwald**
                                                           **Wayne M. Greenwald**
                                                           **Wayne Greenwald, P.C.**
                                                           **475 Park Avenue South**
                                                           **26th Floor**
                                                           **New York, NY 10016**
                                                           **212-983-1922  Fax: 212-983-1965**
                                                           **Grimlawyers@aol.com**

---

# United States Bankruptcy Court

## Southern District of New York

In re    __Rena Lange (USA) Inc._____,    Case No. ___14-12831-smb___

Debtor                                          Chapter_____11_____

# LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with Rule 1007(a)(3) for filing in this chapter 11 case.

| Name and last known address<br>or place of business of holder | Security<br>Class | Number<br>of Securities | Kind of<br>Interest |
|---|---|---|---|
| **M. Lange & Co. GmbH**<br>**c/o Gerloff, Liebler, etc**<br>**Nymphenburger Str. 4 80335**<br>**Munich, Germany** | **stock** | **100%** | |

# DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the President of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date___**November  6, 2014**_____    Signature __**/s/ Tracy Welch**_____
                                                        **Tracy Welch**
                                                        **President**

*Penalty for making a false statement or concealing property*:   Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C §§  152 and 3571.

__0__   continuation sheets attached to List of Equity Security Holders

# United States Bankruptcy Court
## Southern District of New York

In re    **Rena Lange (USA) Inc.**                                                    Case No.    **14-12831-smb**
_____                                  Chapter    **11**
                                        Debtor(s)

# VERIFICATION OF CREDITOR MATRIX

I, the President of the corporation named as the debtor in this case, hereby verify that the attached list of creditors is true and correct to

the best of my knowledge.

Date:    **November  6, 2014**                    **/s/ Tracy Welch**
_____        _____
                                        **Tracy Welch**/**President**
                                        Signer/Title

# EXHIBIT  C

# U.S. Bankruptcy Court
## Southern District of New York (Manhattan)
### Bankruptcy Petition #: 14-12831-smb

*Date filed:* 10/07/2014
*341 meeting:* 11/17/2014

*Assigned to:* Judge Stuart M. Bernstein
Chapter 11
Voluntary
Asset

**Debtor**
**Rena Lange (USA), Inc.**
430 West 14th Street
Suite 201
New York, NY 10014
NEW YORK-NY
Tax ID / EIN: 13-3721928
*dba* **Mabrun;**
*dba* **St. Emile**
*dba* **Gloriette**

represented by **Wayne M. Greenwald**
Wayne M. Greenwald, P.C.
475 Park Avenue South
26th Floor
New York, NY 10016
(212) 983-1922
Fax : (212) 983-1965
Email: grimlawyers@aol.com

**U.S. Trustee**
**United States Trustee**
Office of the United States Trustee
U.S. Federal Office Building
201 Varick Street, Room 1006
New York, NY 10014
(212) 510-0500

| Filing Date | # | Docket Text |
|---|---|---|
| | 1<br>(17 pgs) | Voluntary Petition (Chapter 11). Order for Relief Entered. Chapter 11 Current Monthly Income Form 22B Due 10/21/2014. Schedule A due 10/21/2014. Schedule B due 10/21/2014. Schedule C due 10/21/2014. Schedule D due 10/21/2014. Schedule E due 10/21/2014. Schedule F due 10/21/2014. Schedule G due 10/21/2014. Schedule H due 10/21/2014. Schedule I due 10/21/2014. Schedule J due 10/21/2014. Summary of schedules - Page 1 due 10/21/2014. Summary of schedules - Page 2 (Statistical Summary) due 10/21/2014. Statement of Financial Affairs due 10/21/2014. Atty Disclosure State. due 10/21/2014. Statement of Operations Due: 10/21/2014. Aty. Sig. Exhibit B due 10/21/2014. Balance Sheet Due Date:10/21/2014. Employee Income Record Due: 10/21/2014. Cash Flow Statement Due:10/21/2014. Exhibit D due: |

| | | |
|---|---|---|
| 10/07/2014 | | 10/21/2014. Exhibit D for Joint Debtor due: 10/21/2014. Debtor Signature re: Relief Availability due 10/21/2014. Federal Income Tax Return Date: 10/21/2014 Record of Interest in Education Individual Retirement Account Due: 10/21/2014. Corporate Resolution due 10/21/2014. Local Rule 1007-2 Affidavit due by: 10/21/2014. Incomplete Filings due by 10/21/2014, Chapter 11 Plan due by 2/4/2015, Disclosure Statement due by 2/4/2015, Initial Case Conference due by 11/6/2014, Filed by Wayne M. Greenwald of Wayne M. Greenwald, P.C. on behalf of RENA LANGE (USA), INC.,. (Greenwald, Wayne) (Entered: 10/07/2014) |
| 10/07/2014 | | Receipt of Voluntary Petition (Chapter 11)(14-12831) [misc,824] (1717.00) Filing Fee. Receipt number 10352985. Fee amount 1717.00. (Re: Doc # 1) (U.S. Treasury) (Entered: 10/07/2014) |
| 10/07/2014 | 2 (7 pgs) | Affidavit *pursuant to LR 1007* filed by Wayne M. Greenwald on behalf of RENA LANGE (USA), INC.,. (Greenwald, Wayne) (Entered: 10/07/2014) |
| 10/08/2014 | | Judge Stuart M. Bernstein added to the case. (Porter, Minnie). (Entered: 10/08/2014) |
| 10/08/2014 | | Pending Deadlines Terminated. (Porter, Minnie). (Entered: 10/08/2014) |
| 10/08/2014 | | Deficiencies Set: Schedule A due 10/21/2014. Schedule B due 10/21/2014. Schedule D due 10/21/2014. Schedule E due 10/21/2014. Schedule F due 10/21/2014. Schedule G due 10/21/2014. Schedule H due 10/21/2014. Summary of schedules - Page 1 due 10/21/2014. Statement of Financial Affairs due 10/21/2014. Atty Disclosure State. due 10/21/2014. List of All Creditors Required on Case Docket in PDF Format Due at Time of Filing. Corporate Resolution Due at Time of Filing. Incomplete Filings due by 10/21/2014, (Porter, Minnie). (Entered: 10/08/2014) |
| 10/08/2014 | 3 (2 pgs) | Scheduling Order Signed On 10/8/2014. Re: Initial Case Conference with hearing to be held on 11/13/2014 at 10:00 AM at Courtroom 723 (SMB) (Greene, Chantel) (Entered: 10/08/2014) |
| | 4 | Notice Initial Case Conference (Greene, Chantel). |

| | | |
|---|---|---|
| 10/08/2014 | (3 pgs; 2 docs) | (Entered: 10/08/2014) |
| 10/08/2014 | 5<br>(2 pgs) | Corporate Ownership Statement . filed by Wayne M. Greenwald on behalf of Rena Lange (USA), Inc.. (Greenwald, Wayne) (Entered: 10/08/2014) |
| 10/08/2014 | 6<br>(2 pgs) | Statement *Regarding Authority to Sign and File Petition/Corporate Resolution* filed by Wayne M. Greenwald on behalf of Rena Lange (USA), Inc.. (Greenwald, Wayne) (Entered: 10/08/2014) |
| 10/08/2014 | 7<br>(22 pgs; 2 docs) | Emergency Motion to Authorize *-for Entry of An Order Authorizing it to Obtain Secured Financing* filed by Wayne M. Greenwald on behalf of Rena Lange (USA), Inc.. (Attachments: # 1 Proposed Order to Show Cause) (Greenwald, Wayne) (Entered: 10/08/2014) |
| 10/09/2014 | 8<br>(5 pgs) | Order to Show Cause Signed On 10/9/2014. Re: Debtors Emergency Motion For Entry Of An OrderAuthorizing It To Obtain Secured Financing with hearing to be held on 10/14/2014 at 11:00 AM at Courtroom 723 (SMB) (Greene, Chantel) (Entered: 10/09/2014) |
| 10/09/2014 | 9<br>(4 pgs) | Order to Show Cause Signed On 10/9/2014. Re: Debtors Emergency Motion For Entry Of An OrderAuthorizing It To Use Cash Collateral with hearing to be held on 10/14/2014 at 11:00 AM at Courtroom 723 (SMB) (Greene, Chantel) (Entered: 10/09/2014) |
| 10/09/2014 | 10<br>(75 pgs; 4 docs) | Motion to Approve Use of Cash Collateral filed by Wayne M. Greenwald on behalf of Rena Lange (USA), Inc.. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Proposed Order to Show Cause) (Greenwald, Wayne) (Entered: 10/09/2014) |
| 10/09/2014 | 11<br>(3 pgs) | Affidavit of Service (related document(s)7, 8) filed by Wayne M. Greenwald on behalf of Rena Lange (USA), Inc.. (Greenwald, Wayne) (Entered: 10/09/2014) |
| 10/09/2014 | 12<br>(3 pgs) | Affidavit of Service (related document(s)10, 9) filed by Wayne M. Greenwald on behalf of Rena Lange (USA), Inc.. (Greenwald, Wayne) (Entered: 10/09/2014) |

| | | |
|---|---|---|
| 10/10/2014 | [13](#)<br>(3 pgs) | Notice of Appearance *and REQUEST FOR SERVICE OF DOCUMENTS* filed by Michelle McMahon on behalf of The Neiman Marcus Group LLC. (McMahon, Michelle) (Entered: 10/10/2014) |
| 10/10/2014 | [14](#)<br>(3 pgs) | Certificate of Mailing (related document(s) (Related Doc # [4](#))) . Notice Date 10/10/2014. (Admin.) (Entered: 10/11/2014) |
| 10/13/2014 | [15](#)<br>(2 pgs) | Notice of Appearance *and Request for Notice and Service of Papers* filed by Steven J. Cohen on behalf of Modern Bank, N.A.. (Cohen, Steven) (Entered: 10/13/2014) |
| 10/15/2014 | [16](#)<br>(4 pgs; 2 docs) | Notice of 341(a) Meeting of Creditors with 341(a) meeting to be held on 11/17/2014 at 02:30 PM at 80 Broad St., 4th Floor, USTM. (Richards, Beverly). (Entered: 10/15/2014) |
| 10/15/2014 | [17](#)<br>(6 pgs) | Objection to Motion *for Order Authorizing Use of Cash Collateral* (related document(s)[10](#)) filed by Steven J. Cohen on behalf of Modern Bank, N.A.. (Cohen, Steven) (Entered: 10/15/2014) |
| 10/16/2014 | [18](#)<br>(4 pgs) | Notice of Appearance *and Request for Notice and Service of Papers* filed by Daniel Egan on behalf of Thor ASB 875 Washington Street LLC. (Egan, Daniel) (Entered: 10/16/2014) |
| 10/17/2014 | [19](#)<br>(4 pgs) | Affidavit -*Amended Exhibit A to Motion for Cash Collateral* (related document(s)[10](#)) filed by Wayne M. Greenwald on behalf of Rena Lange (USA), Inc.. (Greenwald, Wayne) (Entered: 10/17/2014) |
| 10/17/2014 | [20](#)<br>(5 pgs) | Certificate of Mailing Re: Notice of 341(a) Meeting of Creditors (related document(s) (Related Doc # [16](#))) . Notice Date 10/17/2014. (Admin.) (Entered: 10/18/2014) |
| 10/21/2014 | [21](#)<br>(4 pgs; 3 docs) | Application to Extend Time to File Schedules filed by Wayne M. Greenwald on behalf of Rena Lange (USA), Inc. with presentment to be held on 11/11/2014 at 12:00 PM at Courtroom 723 (SMB). (Attachments: # [1](#) Pleading Notice of Settlement # [2](#) Exhibit Proposed Order) (Greenwald, Wayne) (Entered: 10/21/2014) |
| | | |

| | | |
|---|---|---|
| 10/23/2014 | 22<br>(5 pgs) | Affidavit of Service (related document(s)21) filed by Wayne M. Greenwald on behalf of Rena Lange (USA), Inc.. (Greenwald, Wayne) (Entered: 10/23/2014) |
| 10/23/2014 | 24<br>(23 pgs) | Transcript regarding Hearing Held on Tuesday, October 14, 2014 at 11:09 AM RE: Order to Show Cause Upon Debtor's Emergency Motion for Authority to Obtain Secured Financing; Order to Show Cause Upon Debtor's Emergency Motion for Authority to USe Case Collateral. Remote electronic access to the transcript is restricted until 1/21/2015. The transcript may be viewed at the Bankruptcy Court Clerks Office. [Transcription Service Agency: Elisa Dreier Reporting Corp..]. (See the Courts Website for contact information for the Transcription Service Agency.). Notice of Intent to Request Redaction Deadline Due By 10/30/2014. Statement of Redaction Request Due By 11/13/2014. Redacted Transcript Submission Due By 11/24/2014. Transcript access will be restricted through 1/21/2015. (Braithwaite, Kenishia) (Entered: 10/27/2014) |
| 10/24/2014 | 23<br>(3 pgs; 2 docs) | Notice of Appearance *as counsel for Canon Financial Services, Inc.* filed by Sherri D. Lydell on behalf of Canon Financial Services, Inc. c/o. (Attachments: # 1 Affidavit of Service)(Lydell, Sherri) (Entered: 10/24/2014) |
| 10/27/2014 | 25<br>(9 pgs) | Transcript regarding Hearing Held on Thursday, October 16, 2014 at 11:14 AM RE: Order to Show Cause Upon Debtor's Emergency Motion for Authority to Use Cash Collateral. Remote electronic access to the transcript is restricted until 1/26/2015. The transcript may be viewed at the Bankruptcy Court Clerks Office. [Transcription Service Agency: Ad Hoc Transcription, LLC.]. (See the Courts Website for contact information for the Transcription Service Agency.). Notice of Intent to Request Redaction Deadline Due By 11/3/2014. Statement of Redaction Request Due By 11/17/2014. Redacted Transcript Submission Due By 12/1/2014. Transcript access will be restricted through 1/26/2015. (Braithwaite, Kenishia) (Entered: 10/27/2014) |
| | 26<br>(20 pgs) | Transcript regarding Hearing Held on Thursday, October 23, 2014 at 10:30 AM RE: Preliminary |

| | | |
|---|---|---|
| 10/27/2014 | | Hearing-Order to Show Cause Upon Debtor's Emergency Motion for Authority to Obtain Secured Financing; Evidentiary Hearing-Order to Show Cause Upon Debtor's Emergency Motion for Authority to Use Cash Collateral. Remote electronic access to the transcript is restricted until 1/26/2015. The transcript may be viewed at the Bankruptcy Court Clerks Office. [Transcription Service Agency: Ad Hoc Transcription, LLC.]. (See the Courts Website for contact information for the Transcription Service Agency.). Notice of Intent to Request Redaction Deadline Due By 11/3/2014. Statement of Redaction Request Due By 11/17/2014. Redacted Transcript Submission Due By 12/1/2014. Transcript access will be restricted through 1/26/2015. (Braithwaite, Kenishia) (Entered: 10/27/2014) |
| 11/06/2014 | 27 (42 pgs) | Schedules filed: Schedule A, Schedule B, Schedule D, Schedule E, Schedule F, Schedule G, Schedule H , Statement of Financial Affairs filed by Wayne M. Greenwald on behalf of Rena Lange (USA), Inc.. (Greenwald, Wayne) (Entered: 11/06/2014) |
| 11/06/2014 | 29 (107 pgs) | Transcript regarding Hearing Held on Friday, October 17, 2014 at 2:03 PM RE: Evidentiary Hearing on Order to Show Cause Upon Debtor's Emergency Motion for Authority to Use Cash Collateral. Remote electronic access to the transcript is restricted until 2/4/2015. The transcript may be viewed at the Bankruptcy Court Clerks Office. [Transcription Service Agency: Ad Hoc Transcription, LLC.]. (See the Courts Website for contact information for the Transcription Service Agency.). Notice of Intent to Request Redaction Deadline Due By 11/13/2014. Statement of Redaction Request Due By 12/1/2014. Redacted Transcript Submission Due By 12/8/2014. Transcript access will be restricted through 2/4/2015. (Braithwaite, Kenishia) (Entered: 11/13/2014) |
| | 30 (50 pgs) | Transcript regarding Hearing Held on Thursday, October 30, 2014 at 10:08 AM RE: Evidentiary Hearing on Order to Show Cause Upon Debtor's Emergency Motion for Authority to Use Cash Collateral. Remote electronic access to the transcript is restricted until 2/4/2015. The transcript may be viewed at the Bankruptcy Court Clerks Office. |

| | | |
|---|---|---|
| 11/06/2014 | | [Transcription Service Agency: Ad Hoc Transcription, LLC.]. (See the Courts Website for contact information for the Transcription Service Agency.). Notice of Intent to Request Redaction Deadline Due By 11/13/2014. Statement of Redaction Request Due By 12/1/2014. Redacted Transcript Submission Due By 12/8/2014. Transcript access will be restricted through 2/4/2015. (Braithwaite, Kenishia) (Entered: 11/13/2014) |
| 11/07/2014 | | Pending Deadlines Terminated. Schedules Filed, Statement of Financial Affairs Filed. (Lopez, Mary) (Entered: 11/07/2014) |
| 11/13/2014 | 28 (1 pg) | So Ordered Memorandum Endorsed Order Signed On 11/12/2014. Re: The Court Denies The Motion As Moot Because The Debtor Already Filed Its Schedules And Statement Of Financial Affairs On November 6, 2014. Furthermore, Even If The Court Granted The Extension To November 5, 2014, The Filing Would Still Be Late. (related document(s)21) (Greene, Chantel) (Entered: 11/13/2014) |
| 11/18/2014 | 38 (9 pgs) | Transcript regarding Hearing Held on 10/20/2014 2:21PM RE: Evidentiary Hearing on Order to Show Cause Upon Debtor's Emergency Motion for Authority to Use Cash Colateral. Remote electronic access to the transcript is restricted until 2/17/2015. The transcript may be viewed at the Bankruptcy Court Clerks Office. [Transcription Service Agency: Ad Hoc Transcription, LLC.]. (See the Courts Website for contact information for the Transcription Service Agency.). Notice of Intent to Request Redaction Deadline Due By 11/25/2014. Statement of Redaction Request Due By 12/9/2014. Redacted Transcript Submission Due By 12/19/2014. Transcript access will be restricted through 2/17/2015. (Ortiz, Carmen) (Entered: 12/15/2014) |
| | 31 (9 pgs; 2 docs) | Notice of Settlement of an Order *(A) Authorizing Debtor to use Cash Collateral; (B) Granting Adequate Protection to Pre-Petition Secured Creditor Modern Bank, N.A., (C) Modifying the Automatic Stay; and (D) Scheduling a Subsequent Hearing* filed by Steven J. Cohen on behalf of Modern Bank, N.A.. Objections due by 12/1/2014, (Attachments: # 1 Proposed Order)(Cohen, Steven) |

| 11/24/2014 | | (Entered: 11/24/2014) |
|---|---|---|
| 11/25/2014 | [32](url)<br>(6 pgs) | Certificate of Service (related document(s)[31](url)) Filed by Steven J. Cohen on behalf of Modern Bank, N.A.. (Cohen, Steven) (Entered: 11/25/2014) |
| 11/25/2014 | [33](url)<br>(35 pgs) | Monthly Operating Report *for October 7 to October 31, 2014* Filed by Wayne M. Greenwald on behalf of Rena Lange (USA), Inc.. (Greenwald, Wayne) (Entered: 11/25/2014) |
| 12/01/2014 | [34](url)<br>(9 pgs; 3 docs) | Notice of Counter-Proposed Order (related document(s)[31](url)) filed by Wayne M. Greenwald on behalf of Rena Lange (USA), Inc.. (Attachments: # [1](url) Index # [2](url) Exhibit Counter proppses order Red Lined)(Greenwald, Wayne) (Entered: 12/01/2014) |
| 12/02/2014 | [35](url)<br>(7 pgs) | Statement -*Counter Proposed Order Redlined* (related document(s)[34](url)) filed by Wayne M. Greenwald on behalf of Rena Lange (USA), Inc.. (Greenwald, Wayne) (Entered: 12/02/2014) |
| 12/02/2014 | [39](url)<br>(34 pgs) | Transcript regarding Hearing Held on 11/26/2014 10:28AM RE: Evidentiary Hearing on Order to Show Cause Upon Debtor's Emergency Motion for Authority to Use Cash Collateral...et al.... *Remote electronic access to the transcript is restricted until 3/2/2015.* The transcript may be viewed at the Bankruptcy Court Clerks Office. [Transcription Service Agency: Ad Hoc Transcription, LLC.]. (See the Courts Website for contact information for the Transcription Service Agency.). Notice of Intent to Request Redaction Deadline Due By 12/9/2014. Statement of Redaction Request Due By 12/23/2014. Redacted Transcript Submission Due By 1/5/2015. Transcript access will be restricted through 3/2/2015. (Ortiz, Carmen) (Entered: 12/23/2014) |
| 12/03/2014 | [36](url)<br>(7 pgs) | Interim Order Signed On 12/3/2014. Re: (A) Authorizing Debtor To Use Cash Collateral; (B) Granting Adequate Protection To Pre-Petition Secured Creditor Modern Bank, N.A.; (C) Modifying The Automatic Stay; And (D) Scheduling A Subsequent Hearing (related document(s)[31](url)) (Greene, Chantel) (Entered: 12/03/2014) |
| | [37](url) | Notice of Appearance *and Request for Service of* |

| | | |
|---|---|---|
| 12/12/2014 | (2 pgs) | *Notices and Papers by Troutman Sanders LLP as counsel for 787 Madison LLC* filed by Brett D. Goodman on behalf of 787 Madison LLC. (Goodman, Brett) (Entered: 12/12/2014) |
| 12/24/2014 | 40<br>(45 pgs) | Monthly Operating Report *for November 1-30, 2014* Filed by Wayne M. Greenwald on behalf of Rena Lange (USA), Inc.. (Greenwald, Wayne) (Entered: 12/24/2014) |
| 01/05/2015 | 41<br>(1 pg) | Notice of Adjournment of Hearing *scheduled for January 6, 2015 at 11:00 a.m.* filed by Wayne M. Greenwald on behalf of Rena Lange (USA), Inc.. (Greenwald, Wayne) (Entered: 01/05/2015) |
| 01/12/2015 | 42<br>(18 pgs; 4 docs) | Application to Employ Wayne Greenwald, P.C. as Attorneys filed by Wayne M. Greenwald on behalf of Rena Lange (USA), Inc.. (Attachments: # 1 Pleading Declaration # 2 Exhibit Engagement letter # 3 Exhibit Proposed Orer) (Greenwald, Wayne) (Entered: 01/12/2015) |
| 01/12/2015 | 43<br>(12 pgs; 3 docs) | Motion to Set Last Day to File Proofs of Claim filed by Wayne M. Greenwald on behalf of Rena Lange (USA), Inc.. (Attachments: # 1 Exhibit Proposed bar Date Notice # 2 Exhibit Proposed Orer) (Greenwald, Wayne) (Entered: 01/12/2015) |
| 01/15/2015 | 44<br>(45 pgs) | Monthly Operating Report *for December 1-31, 2014* Filed by Wayne M. Greenwald on behalf of Rena Lange (USA), Inc.. (Greenwald, Wayne) (Entered: 01/15/2015) |
| 01/15/2015 | 45 | Transcript regarding Hearing Held on Tuesday, January 13, 2015 at 10:15 AM RE: Case Conference. Remote electronic access to the transcript is restricted until 4/15/2015. The transcript may be viewed at the Bankruptcy Court Clerks Office. [Transcription Service Agency: Ad Hoc Transcription, LLC.]. (See the Courts Website for contact information for the Transcription Service Agency.). Notice of Intent to Request Redaction Deadline Due By 1/22/2015. Statement of Redaction Request Due By 2/5/2015. Redacted Transcript Submission Due By 2/17/2015. Transcript access will be restricted through 4/15/2015. (Braithwaite, Kenishia) (Entered: 01/16/2015) |

| 02/25/2015 | 46<br>(2 pgs) | Order Signed On 2/25/2015. Re: Lifting The Automatic Stay As To Modern Bank, N. A. (Greene, Chantel) (Entered: 02/25/2015) |
| 02/25/2015 | 47 | Transcript regarding Hearing Held on Thursday, February 19, 2015 at 10:10 AM RE: Case Conference. Remote electronic access to the transcript is restricted until 5/26/2015. The transcript may be viewed at the Bankruptcy Court Clerks Office. [Transcription Service Agency: Ad Hoc Transcription, LLC.]. (See the Courts Website for contact information for the Transcription Service Agency.). Notice of Intent to Request Redaction Deadline Due By 3/4/2015. Statement of Redaction Request Due By 3/18/2015. Redacted Transcript Submission Due By 3/30/2015. Transcript access will be restricted through 5/26/2015. (Braithwaite, Kenishia) (Entered: 02/25/2015) |
| 03/06/2015 | 48<br>(17 pgs; 3 docs) | First Motion for Relief from Stay *as to Modern Bank, N.A.* filed by Steven J. Cohen on behalf of Modern Bank, N.A. with hearing to be held on 3/24/2015 at 10:00 AM at Courtroom 723 (SMB) Responses due by 3/17/2015,. (Attachments: # 1 Proposed Order Lifting Stay # 2 Certificate of Service) (Cohen, Steven) (Entered: 03/06/2015) |
| 03/06/2015 | | Receipt of Motion for Relief from Stay (fee)(14-12831-smb) [motion,185] ( 176.00) Filing Fee. Receipt number 10581857. Fee amount 176.00. (Re: Doc # 48) (U.S. Treasury) (Entered: 03/06/2015) |
| 03/24/2015 | 49<br>(2 pgs) | Letter *to Judge Bernstein* Filed by Wayne M. Greenwald on behalf of Rena Lange (USA), Inc.. (Greenwald, Wayne) (Entered: 03/24/2015) |
| 03/26/2015 | 50<br>(2 pgs) | Order Signed On 3/26/2015 Re: Lifting The Automatic Stay As To Modern Bank, N. A.(Related Doc # 48) . (Greene, Chantel) (Entered: 03/26/2015) |

**PACER Service Center**

**Transaction Receipt**

03/30/2015 13:59:26

| PACER Login: | us0954:2651059:4299065 | Client Code: | |
|---|---|---|---|
| Description: | Docket Report | Search Criteria: | 14-12831-smb Fil or Ent: filed To: 3/30/2015 Doc From: 0 Doc To: 99999999 Headers: included Format: html Page counts for documents: included |
| Billable Pages: | 6 | Cost: | 0.60 |

# EXHIBIT  D

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
......................................................................X

In re:                                          Case No. 14-12831-smb

    RENA LANGE (USA), INC.,
    ADBA Mabrun, ADBA St. Emile,        (Chapter 11)
    ADBA Gloriette,

                         Debtor.
......................................................................X

## INTERIM ORDER (A) AUTHORIZING DEBTOR TO USE CASH COLLATERAL; (B) GRANTING ADEQUATE PROTECTION TO PRE-PETITION SECURED CREDITOR MODERN BANK, N.A.; (C) MODIFYING THE AUTOMATIC STAY; AND (D) SCHEDULING A SUBSEQUENT HEARING

This Court having entered an Order to Show Cause on October 9, 2014 [Dec. No. 9] upon

the verified emergency motion of the debtor Rena Lange (USA), Inc., ADBA Malbrun; ADBA St.

Emile and ADBA Gloriette ("**Debtor**") seeking an order (A) pursuant to 11 U.S.C. §§ 105(a), 361,

362 and 363, Fed. R. Bankr. P. 2002, 4001 and 9014, authorizing the Debtor to use cash collateral

subject to the lien and security interest (the "**Cash Collateral**") of Modern Bank, N.A. (the

"**Bank**"); (B) pursuant to 11 U.S.C. §§ 361 and 363 granting the Bank adequate protection; (C)

scheduling a final hearing (the "**Final Hearing**"); and (D) granting the Debtor such other and

further relief as the Court deems proper (the "**Motion**"); and the hearing on such Motion heaving

been adjourned until October 16, 2014; and the Bank filed an objection to the Motion dated

October 16, 2014 [Doc. No. 17] (the "**Objection**"); and this Court having held an evidentiary

hearing on the Motion and argument having been heard and testimony adduced during the hearing

on October 16, October 17, October 20, October 23, October 30 and November 7, 2014

(collectively, "**Interim Hearing**"); and upon the consent of the Bank with respect to the uses

identified in paragraphs (a) through (d) of this **paragraph** ~~Order~~, **[SMB: 12/3/14]** and subject to

granting the Bank adequate protection as described below, this Court having so-ordered on the

1

record authorizing the Debtor's use of Cash Collateral: (a) on October 17, 2014, in an amount not to exceed $40,000 for the express purpose of payroll expense; (b) on October 20, 2014, in an amount not to exceed $9,000 for the express purpose of making payments due to U.S. Customs and $325 for payment due to Debtor's internet service provider; (c) on October 23, 2014, in an amount not to exceed $12,000 for trucking and related expenses; (d) on October 30, 2014, in an amount not to exceed $26,000 for the express purpose of payroll expense; and (e) on November 7, 2014, in an amount not to exceed $115,000 for the express purpose of paying the disbursements itemized on the budget prepared by the Debtor and submitted to the Court on November 6, 2014 for the period as of November 5 through November 26, 2014 (the "**Budget**"), ~~and for~~ **which sum included** the shipments designated as "2nd Shipment" by M. Lange for $21,168 and "3rd Shipment" by M. Lange for $11,239, **for a total authorization not exceeding $202,325.00,** ~~with all such authorized uses of Cash Collateral totaling $234,832; **[SMB: 12/3/14]**~~ and as adequate protection against any diminution in value of the Bank's interest in the "**Prepetition Collateral**" (as defined herein), this Court having further ordered and granted to the Bank a valid and perfected security interest in and lien upon the post-petition accounts receivable received by Debtor in respect of certain goods shipped and created by Debtor post-petition ("**Postpetition Accounts Receivable**") and inventory acquired by Debtor post-petition ("**Postpetition Inventory**" and  with Postpetition Accounts Receivable, "**Postpetition Collateral**") in an amount equal to such authorized and actually used Cash Collateral, and notice of the Interim Hearing having been given in accordance with Bankruptcy Rules 2002, 4001(b) and (d), and 9014, as shown by the Proof of Service filed of record, and it appearing that no further notice need be provided; and the relief requested being within the guidelines for requests for the use of cash collateral set forth in Local Rule 4001-2; and the relief requested in the Motion being in the best interests of the Debtor, its estate and its creditors; and the Court having determined that the legal and factual bases set forth in the Motion

2

and at the Interim Hearing establish just cause for the relief granted herein; and upon all the

proceedings before the Court and after due deliberation and sufficient cause appearing therefor.

## THE COURT HEREBY MAKES THE FOLLOWING
## FINDINGS OF FACT AND CONCLUSIONS OF LAW

1.    <u>Petition Date</u>.   On October 7, 2014 (the "**Petition Date**"), the Debtor filed a

voluntary petition under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court

for the Southern District of New York.

2.    <u>Debtor in Possession</u>.   The Debtor is continuing in the management and operation

of its business and properties as debtor in possession pursuant to sections 1107 and 1108 of the

Bankruptcy Code. No trustee or examiner has been appointed in this chapter 11 case.

3.    <u>Creditors' Committee</u>.   As of the date hereof, the United States Trustee for the

Southern District of New York (the "U.S. Trustee") has not appointed an official committee of

unsecured creditors in this Chapter 11 case pursuant to section 1102 of the Bankruptcy Code.

4.    <u>Jurisdiction and Venue</u>.   This Court has jurisdiction, pursuant to 28 U.S.C. §§

157(b) and 1334, over these proceedings and over the persons and property affected hereby. Venue

for this Chapter 11 case is proper in this district pursuant to 28 U.S.C. § 1408. This is a core

proceeding pursuant to 28 U.S.C. § 157(b).

5.    <u>Prepetition Loan</u>.   The Debtor is a party to the Credit Agreement (the "Prepetition

Credit Agreement"), made by and between the Debtor and the Bank, and secured by the

Continuing General Security Agreement and Financing Statement (the "**Prepetition Security**

**Agreement**"), executed by the Debtor in favor of the Bank in connection therewith, both dated as

of April 18, 2011, and related agreements, as amended or modified subsequent thereto and as

otherwise in effect immediately prior to the Petition Date (collectively, the "**Prepetition Loan**" or

"**Prepetition Loan Documents**") pursuant to which Debtor owes obligations to the Bank

thereunder (collectively, the "**Prepetition Obligations**").

6.      Prepetition Collateral.    The liens and security interests granted in favor of the

Bank to secure the Prepetition Obligations ~~are~~ **appear to be** valid, binding, perfected, enforceable,

first priority (subject to permitted exceptions under the Prepetition Credit Agreement) liens on,

and security interests in, the Debtor's assets and property constituting "Collateral" under and as

defined in the Prepetition Security Agreement (the "**Prepetition Collateral**"), subject to any

further orders of this Court**.[SMB: 12/3/14]**

7.      Adequate Protection Obligations.    The **debtor shall provide** ~~Bank is entitled to~~

adequate protection **to the Bank** in respect of the Debtor's use of the Prepetition Collateral and

Cash Collateral in order to compensate the Bank for any decline in the value thereof, resulting

from the: (a) use of the Cash Collateral; (b) use, sale, lease, or depreciation or other diminution in

value of the Prepetition Collateral; or (c) as a result of the imposition of the automatic stay under

section 362(a) of the Bankruptcy Code (the amount of any such diminution being referred to

hereinafter as the "**Adequate Protection Claim**"). Pursuant to sections 361 and 363 of the

Bankruptcy Code, to provide adequate protection, the Debtor will provide the Adequate Protection

Liens and make the Adequate Protection Payments, as each term is hereinafter defined, subject to

any rights the Debtor may have to dispute the liens and security interests granted in favor of the

Bank with respect to the Prepetition Collateral.**[SMB: 12/3/14]**

8.      Adequate Protection Liens.    As adequate protection in respect of the Debtor's use

of the Prepetition Collateral and Cash Collateral, the Bank is hereby granted (effective as of the

Petition Date, and without the necessity of the execution by the Debtor of security agreements,

pledge agreements, financing statements or other agreements) a valid, binding, enforceable,

non-avoidable and perfected replacement security interest in, and lien (the "**Adequate Protection**

**Liens**") on all of the right, title and interests of the Debtor in, to, and under all present and

after-acquired property and assets of the Debtor of any nature whatsoever, whether real or

personal, tangible or intangible, wherever located, including without limitation, all cash and Cash

Collateral of the Debtor (whether maintained with the Bank or any other financial institution) and

any investment of such cash and Cash Collateral, goods, cash-in-advance deposits, contracts,

causes of action, general intangibles, accounts receivable, and other rights to payment, whether

arising before or after the Petition Date, chattel paper, documents, instruments, interests in

leaseholds, real properties, plants, machinery, equipment, patents, copyrights, trademarks, trade

names or other intellectual property, licenses, insurance proceeds, and tort claims, and any and all

of the proceeds, products, offspring, rents and profits thereof, rights under letters of credit, capital

stock and other equity or ownership interests held by the Debtor, including equity interests in

subsidiaries and all other investment property, and the proceeds of all of the foregoing, whether

now existing or hereafter acquired (collectively, the "**Postpetition Collateral**"), provided,

however, that such Postpetition Collateral shall not include the Debtor's claims and causes of

action under section 544, 545, 547, 548, 549 or 550 of the Bankruptcy Code (collectively, the

"**Avoidance Actions**") or the proceeds of the Avoidance Actions. Notwithstanding anything to the

contrary set forth in this Interim Order, the Bank reserves the right to seek to have the Final Order

include the proceeds of the Avoidance Actions as part of the Postpetition Collateral. The Adequate

Protection Liens shall be (i) first-priority perfected liens on all Postpetition Collateral that was not

otherwise encumbered by validly perfected, non-avoidable security interests or liens as of the

Petition Date, and (ii) junior to any liens on all Postpetition Collateral that were otherwise

encumbered by validly perfected, non-avoidable security interests or liens as of the Petition Date.

9.     <u>Priority of Adequate Protection Liens</u>.   The Adequate Protection Liens shall be

enforceable against the Debtor, its estate and any successors thereto, including without limitation,

any trustee or other estate representative appointed in this chapter 11 case, or any superseding case under chapter 7 of the Bankruptcy Code.

10.    <u>Adequate Protection Payments</u>.    As further adequate protection, the Debtor is hereby directed to make adequate protection payments to the Bank from November 14 until the further hearing on November 26, 2014 as follows: (a) $25,000 by November 10, 2014; (b) $10,000 by November 14, 2014; and (c) $10,000 by November 21, 2014.   All such payments shall be made by check and delivered to counsel for the Bank, Steven J. Cohen, Esq., Wachtel Missry LLP, 885 Second Avenue, New York, New York 10017.   All such payments shall be deemed partial payments against principal under the Prepetition Loan.

11.    <u>Priority of Adequate Protection Claim</u>.   In accordance with section 507(b) of the Bankruptcy Code, the Bank's Adequate Protection Claim shall have priority over every other claim allowable under subsection (a) (2) of such section.

12.    <u>Modification of Automatic Stay</u>.    The automatic stay under Bankruptcy Code section 362(a) is hereby modified as necessary to effectuate all of the terms and provisions of this Interim Order.

13.    <u>Perfection of Adequate Protection Liens</u>.    This Interim Order shall be sufficient and conclusive evidence of the validity, perfection, and priority of the Adequate Protection Liens, without the necessity of filing or recording any mortgage, financing statement or other instrument or document which may otherwise be required under the law or regulation of any jurisdiction or the taking of any other action (including, for the avoidance of doubt, entering into any deposit account control agreement) to validate or perfect (in accordance with applicable non-bankruptcy law) the Adequate Protection Liens, or to entitle the Bank to the priorities granted herein.

14.    <u>Rights Preserved</u>.    Notwithstanding anything herein to the contrary, the entry of

this Interim Order is without prejudice to, and does not constitute a waiver of, expressly or

implicitly, any right the Bank or Debtor may have.

~~15.    Subsequent Hearing.    A subsequent hearing on the Motion is scheduled for~~

~~November 26, 2014 at 10:00 A.M. (EST) before the Honorable Stuart M. Bernstein, United States~~

~~Bankruptcy Court for the Southern District of New York.~~[SMB: 12/3/14]

16.    <u>Retention of Jurisdiction</u>.    The Court has and will retain jurisdiction to enforce this

Interim Order according to its terms.

Dated: **December 3rd, 2014**
New York, New York

/s/ STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT  E

WACHTEL MISSRY LLP
One Dag Hammarskjold Plaza
885 Second Avenue, 47th Floor
New York, New York 10017
(212) 909-9500
Steven J. Cohen (SC1289)
scohen@wmllp.com

*Attorneys for Modern Bank, N.A.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**
————————————————————X

In re:                                                    Chapter 11

     RENA LANGE (USA), INC.,                  Case No. 14-12831(smb)
     ADBA Mabrun, ADBA St. Emile,
     ADBA Gloriette,

                    Debtor.
————————————————————X

NOTICE OF MOTION OF MODERN BANK, N.A., FOR AN
ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

**PLEASE TAKE NOTICE**, that upon the annexed motion, Modern Bank, N.A., (the

"Bank"), by and through its undersigned counsel, Wachtel Missry LLP, shall move this Court,

before the Honorable Stuart M. Bernstein, United States Bankruptcy Judge, United States

Bankruptcy Court for the Southern District of New York, in Room 723, at the Courthouse

located at One Bowling Green, New York, New York, 10003, on the 24th day of March, 2015, at

10:00 a.m., or as soon thereafter as counsel may be heard, for an Order pursuant to Section

362(d) of the United States Bankruptcy Code, lifting the stay as to the Bank to allow it to

foreclose its perfected security interest in, and take peaceful possession of, the Sale Proceeds,

that are part of its Prepetition Collateral (as such terms are defined in the motion), and granting

such other, and further relief as the Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE,** that pursuant to Local Bankruptcy Rule 9006-1(b) objections, if any, to the motion, shall be filed with the Clerk of the Court and served so as to be received not later than seven (7) days prior to the March 24, 2015 return date upon (i) the undersigned counsel for the Bank; (ii) Wayne Greenwald, Esq., counsel for the Debtor, 475 Park Avenue South #26, New York, New York 10016; (iii) the Office of the United States Trustee, 201 Varick Street, New York, New York 10014; and (iv) all other parties who have filed a notice of appearance in this proceeding.

Dated: New York, New York
        March 6, 2015

WACHTEL MISSRY LLP

    _/s/ Steven J. Cohen_
By:   Steven J. Cohen
      One Dag Hammarskjold Plaza
      885 Second Avenue, 47th Floor
      New York, New York 10017
      (212) 909-9500
      scohen@wmllp.com

      *Attorneys for Modern Bank, N.A.*

2

WACHTEL MISSRY LLP

One Dag Hammarskjold Plaza
885 Second Avenue, 47th Floor
New York, New York 10017
(212) 909-9500
Steven J. Cohen (SC1289)
scohen@wmllp.com

*Attorneys for Modern Bank, N.A.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
————————————————————————X

In re:                                                          Chapter 11

    RENA LANGE (USA), INC.,
    ADBA Mabrun, ADBA St. Emile,        Case No. 14-12831(smb)
    ADBA Gloriette,

                    Debtor.

————————————————————————X

MOTION BY MODERN BANK, N.A. FOR RELIEF FROM
THE AUTOMATIC STAY TO ENABLE IT TO FORECLOSE
ITS PERFECTED SECURITY INTEREST IN, AND
TAKE PEACEFUL POSSESSION OF, SALE PROCEEDS,
THAT ARE PART OF ITS PREPETITION COLLATERAL

TO THE HONORABLE STUART M. BERNSTEIN,
UNITED STATES BANKRUPTCY JUDGE:

       Modern Bank, N.A. ("Modern Bank" or the "Bank"), secured creditor and party-in-

interest in the above-captioned proceeding, submits this motion for relief from the automatic stay

to enable it to foreclose its perfected security interest in, and take peaceful possession of, sale

proceeds, that are part of its prepetition collateral (the "Motion").  In support of the Motion,

Modern Bank respectfully represents as follows:

INTRODUCTION

1.      On October 7, 2014 (the "Petition Date"), Rena Lange (USA), Inc., and its
affiliates (collectively, "Debtor") filed a petition for relief under Chapter 11 of the Bankruptcy
Code in the United States Bankruptcy Court for the Southern District of New York.

2.      The Debtor purportedly continues to operate its business as a debtor in possession
pursuant to Section 1107 of the Bankruptcy Code.

3.      Modern Bank is a secured creditor of Debtor, having a security interest in all of
Debtor's accounts receivables, inventory, personal property and related collateral.

JURISDICTION

4.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§157
and 1334.  Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. §§ 1408 and
1409.  The relief requested may be granted in accordance with the provisions of 11 U.S.C.
§362(d)(2).

RELIEF REQUESTED

5.      By this Motion, Modern Bank seeks relief from the automatic stay to allow it to
foreclose its perfected security interest in, and take peaceful possession of, $147,516.00 in sale
proceeds of inventory that is part of its prepetition collateral and in further payment of the
principal amount owed by Debtor to the Bank.  As further demonstrated below, Debtor has no
equity in this property and such property is not necessary to an effective reorganization.

FACTUAL BACKGROUND

6.       Modern Bank is a secured creditor of Debtor, having a security interest in all of
Debtor's accounts receivables, inventory, personal property and related collateral.  A copy of the
Credit Agreement dated as of April 18, 2011 between Debtor and Modern Bank, as amended,

with related loan documents, was attached as "Exhibit A" to the Debtor's Emergency Motion Authorizing it to Use Cash Collateral [Doc. No. 10-1] filed October 9, 2014, and is incorporated by reference herein (the "Prepetition Credit Agreement").

7.        On December 3, 2014, this Court entered an Interim Order [Docket No. 36] (A) Authorizing Debtor to Use Cash Collateral; (B) Granting Adequate Protection to Pre-Petition Secured Creditor Modern Bank, N.A.; (C) Modifying the Automatic Stay; and (D) Scheduling A Subsequent Hearing (the "Interim Order").

8.        In the Interim Order, this Court made certain findings of fact and conclusions of law with respect to the Prepetition Credit Agreement and the "Prepetition Collateral." (This term and all other capitalized terms not otherwise defined herein have the meanings given them in the Interim Order).

9.        The Prepetition Collateral includes accounts receivables, inventory, personal property and related collateral.  Since the entry of the Interim Order, two sample sales were conducted by the Debtor, in coordination with the Bank, of inventory that was part of the Prepetition Collateral.  The first sale occurred between December 2, 2014 – December 4, 2014, in which Debtor sold certain of the Prepetition Collateral, resulting in net proceeds of $60,092. The second sale occurred between January 18, 2014 – January 21, 2014, in which Debtor sold certain of the Prepetition Collateral, resulting in net proceeds of $87,424.00.  The two sales resulted in aggregate net proceeds of $147,516.00 ("Sale Proceeds").

10.        Counsel for the Bank asked Debtor's counsel to segregate the Sale Proceeds for the Bank in accordance with 11 U.S.C. §363(c)(4) and it is the Bank's understanding that Debtor complied with such request.

3

11.     After the conclusion of the second sale and at some point prior to the end of January, Debtor abandoned its business premises located at 430 West 14th Street, New York, New York (the "Premises") and surrendered the keys to its landlord.  The landlord has since changed the locks to the Premises.  Debtor left behind certain inventory that is a part of the Prepetition Collateral, certain books and records and furniture and fixtures that also may comprise part of the Prepetition Collateral.

12.     On February 25, 2015, this Court entered an Order [Doc. No. 46] lifting the automatic stay as to Modern Bank to allow it to take possession of all of the inventory and certain other personal property left by Debtor at the Premises, and to collect and hold outstanding accounts receivables, all subject to further order of this Court.

13.     Upon information and belief, Debtor is not ordering any new merchandise, not making any efforts to collect accounts receivable, and is not conducting business in any manner from any location.  It is the Bank's understanding that the Debtor plans to seek the dismissal of this Chapter 11 bankruptcy proceeding or its conversion to a Chapter 7 bankruptcy proceeding.

14.     As of March 5, 2015, there is a total of $171,063.58 in the Debtor-in-Possession bank accounts of the Debtor.  This is less than the value of the Bank's secured claim as of the Petition Date, which well exceeded $400,000.

15.     Debtor made a total of $120,000 in adequate protection payments to the Bank pursuant to the Interim Order and subsequent orders made by the Court in this proceeding.  The last adequate protection agreement made by the Debtor to the Bank was for $10,000 on January 9, 2015.

## BASIS FOR RELIEF REQUESTED

A.  Modern Bank is Entitled to Relief from the Automatic
    Stay With Respect to the Sale Proceeds.

16.    The filing of a bankruptcy petition operates as a stay applicable to all entities

regarding any act to obtain possession of property of the estate.  *See* 11 U.S.C. §362(a).

17.    The Bankruptcy Code empowers the bankruptcy court to provide relief from the

stay provided under 11 U.S.C. §362(a) in certain circumstances, including where, as here, Debtor

does not have equity in the property and the property is not necessary for an affective

reorganization.

18.    Section 362(d) provides, in relevant part:

> (d) On request of a party in interest and after notice and a hearing,
> the court shall grant relief from the stay provided under subsection
> (a) of this section, such as by terminating, annulling, modifying, or
> conditioning such stay-
>
> (2)  with respect to a stay of an act against property under
>      subsection (a) of this section, if –
>      (A)   the debtor does not have an equity in such property; and
>
>      (B) such property is not necessary to an effective
>      reorganization;

11 U.S.C. §362(d).

19.    Modern Bank is entitled to relief from the automatic stay under Section 362(d)(2)

because the Sales Proceeds are subject to its security interest, the Bank has not received the value

of its security interest as of the Petition Date, Debtor has no equity in the Sale Proceeds and

Debtor has no hope of reorganization.

i.    Modern Bank has a Valid Security
Interest in the Sale Proceeds

20.    There can be no dispute that the Sale Proceeds are subject to Modern Bank's

security interest.  Pursuant to Section 2.04 of the Prepetition Credit Agreement, Modern Bank

obtained a security interest in the "Collateral" as that term is defined therein.

21.    Collateral is defined as:

> Collateral means all  Borrower's Accounts, **inventory**, whether
> raw or furnished, and al materials or equipment usable in
> processing the same, all documents of title covering any inventory,
> all goods, including without limitation all equipment, all
> Borrower's books and records, contract rights, general intangibles,
> instruments, all credit insurance proceeds, and any substitutions
> and replacements of any thereof now or hereafter owned by
> Borrower and all products and proceeds thereof, as more fully
> described in the Security Agreement. (Emphasis added.)

[Doc. No. 10-1, p.2]

22.    The liens and security interests granted in favor of the Bank in the Prepetition

Collateral to secure the Prepetition Obligations are valid, binding, perfected, enforceable, first

priority (subject to permitted exceptions under the Prepetition Credit Agreement) liens.  The

Bank caused UCC-1 financing statements to be timely recorded in the State of Delaware in

respect of the Prepetition Collateral.

23.    Section 552 of the Bankruptcy Code preserves a creditor's right to proceeds of

prepetition collateral secured by an agreement between it and the debtor made prior to the

petition date.  11 U.S.C. §552 provides, in relevant part:

> (b)(1) Except as provided in sections 363, 506(c), 522, 544, 545,
> 547, and 548 of this title, if the debtor and an entity entered into a
> security agreement before the commencement of the case and if the
> security interest created by such security agreement extends to
> property of the debtor acquired before the commencement of the
> case and to proceeds, products, offspring, or profits of such

6

property, then such security interest extends to such proceeds, products, offspring, or profits acquired by the estate after the commencement of the case to the extent provided by such security agreement and by applicable non-bankruptcy law, except to any extent that the court, after notice and a hearing and based on the equities of the case, orders otherwise.

24.    Here, the Sale Proceeds clearly fall within the class of collateral protected by Section 552.

ii.    <u>Debtor Does Not Have Equity In The Sale Proceeds</u>

25.    For purposes of Section 362(d)(2), "equity" is the difference between the value of the property and the total of the claims which it secures. *In re Diplomat Electronics Corp.* 82.B.R.688, 690 (Bankr. S.D.N.Y. 1988)(holding that debtor lacked equity in the property for the purposes of Section 362(d)(2) of the Bankruptcy Code where inventory and receivables of the debtor were worth less than the outstanding loan of its secured lender).

26.    Debtor has no equity in the Sale Proceeds.  The value of the Bank's security interest in the Prepetition Collateral as of the Petition Date is well in excess of $400,000 consisting of cash, accounts receivable and inventory.  Debtor has paid to the Bank $120,000 in adequate protection payments.  After applying the $147,516 in Sale Proceeds, the Bank will still not have received the value of its secured claim as of the Petition Date.

iii.    <u>The Sale Proceeds Are Not Necessary to an Effective Reorganization</u>

27.    Debtor has essentially shut its doors and has not conducted any business since late January 2015.  Debtor vacated the Premises, has no staff, it is not ordering merchandise, selling merchandise or attempting to collect accounts receivable.  It is the Bank's understanding that the filing of a motion to dismiss or convert this case is imminent.  Where reorganization is unlikely, a motion to lift the stay pursuant to 11 U.S.C. §362(d)(2) should be granted.  *See In re Mount*

*Moriah Baptist Church, Inc.*, 10-11199 (SCC), 2010 WL 1930937, at *4 (Bankr. S.D.N.Y. May 12, 2010)(granting creditor's motion to lift the stay pursuant to 11 U.S.C. §362(d)(2) where the debtor provided no "tangible proof to indicate that a reorganization is possible, let alone likely.").

28.     Although Debtor informed this Court of the possibility of a buyer for the Debtor in the hearings over cash collateral that culminated in the Interim Order, no such buyer ever materialized.  In short, there is no plausible chance of an effective reorganization, and in any event, even if it were plausible, the Sale Proceeds would certainly not be necessary for such a reorganization.

29.     The two sales that resulted in the creation of the Sale Proceeds, were consistent with the rights of Modern Bank under Section 8.03 of the Credit Agreement.

<u>CONCLUSION</u>

For all of the foregoing reasons, Modern Bank respectfully requests that the Court grant the Motion and enter the proposed order submitted herewith lifting the automatic stay to allow Modern Bank to foreclose its perfected security interest in, and take peaceful possession of, the Sale Proceeds, that are part of its Prepetition Collateral.

Dated: New York, New York
       March 6, 2015

WACHTEL MISSRY LLP

*/s/ Steven J. Cohen*
By:   Steven J. Cohen
      One Dag Hammarskjold Plaza
      885 Second Avenue, 47th Floor
      New York, New York 10017
      (212) 909-9500
      *Attorneys for Modern Bank, N.A.*

8

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

—————————————————————————X

In re:

    RENA LANGE (USA), INC.,
    ADBA Mabrun, ADBA St. Emile,
    ADBA Gloriette,

                 Debtor.

—————————————————————————X

Case No. 14-12831-smb

(Chapter 11)

<u>ORDER LIFTING THE AUTOMATIC STAY AS TO MODERN BANK, N. A.</u>

Upon the motion, dated March 6, 2015 (the "Motion") of Modern Bank, N.A. (the "Bank"), for the entry of an order pursuant to Section 362(d) of the Bankruptcy Code lifting the automatic stay as to the Bank to allow the Bank to foreclose its perfected security interest in, and take peaceful possession of, the Sale Proceeds (as defined in the Motion), that are part of its Prepetition Collateral (as defined in the Motion), and there being due and sufficient notice of Motion; and upon the record of the March 24, 2015 hearing thereon;

NOW, THEREFORE, sufficient cause appearing, the Court hereby ORDERS that:

1.     The Motion is granted, as set forth herein.

2.     The automatic stay imposed pursuant to 11 U.S.C. §362(a) is modified and lifted as to the Bank to allow the Bank to foreclose its perfected security interest in, and take peaceful possession of, the Sale Proceeds, that are part of its Prepetition Collateral (as such terms are defined in the Motion).

3.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this order.

SO ORDERED:

_____

HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE

Dated: March __, 2015

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In Re: | CASE NO. 14-12831-smb |
|---|---|
| RENA LANGE (USA), INC.,<br>ADBA Mabrun, ADBA St. Emile,<br>ADBA Gloriette,<br><br>Debtor. | (CHAPTER 11) |

CERTIFICATE OF SERVICE

I, Steven J. Cohen, Esq., hereby certify that on this 6th day of March, 2015, a copy of the

attached *Motion by Modern Bank, N.A. For Relief From The Automatic Stay* was served by U.S.

First Class Mail, postage prepaid, upon the parties listed on the service list attached as Schedule

A and served by Federal Express International Economy upon the parties listed on the service list

attached as Schedule B.

Dated: March 6, 2015

*/s/ Steven J. Cohen*
Steven J. Cohen

# SCHEDULE A

Label Matrix for local noticing
0208-1
Case 14-12831-smb
Southern District of New York
Manhattan
Wed Feb 18 13:21:44 EST 2015

Canon Financial Services, Inc. c/o
Platzer, Swergold, Levine, et al.
475 Park Avenue South - Floor 18
New York, NY 10016-6901

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

Rena Lange (USA), Inc.
430 West 14th Street
Suite 201
New York, NY 10014-1046

Manhattan Division
One Bowling Green
New York, NY 10004-1415

1 EDI Source
PO Box 74206
Cleveland, OH 44194-0002

AMEX
PO Box 1270
Newark, NJ 07101-1270

AT&T
PO Box 537104
Atlanta, GA 30353-7104

Agility Talent
349 5th Avenue
8th Floor
New York, NY 10016-5019

Associated Pension Consultants
6800 Jericho Turnpike
Suite 200W
Syosset, NY 11791-4488

Atlas Print Solutions
589 Eighth Avenue
4th Floor
New York, NY 10018-3092

Banner Life Insurance Company
PO Box 740526
Atlanta, GA 30374-0526

Ben's Luxury Car & Limousine
11-01 43rd Avenue
Long Island City, NY 11101-6814

Bryan Cave LLP
1290 Avenue of the Americas
New York, NY 10104-3399
Attn: Michelle McMahon

Bryan Cave LLP
One Metropolitan Square
211 North Broadway, Suite 3600
Saint Louis, MO 63102-2726
Attn: David Unseth

CSC
PO Box 13397
Philadelphia, PA 19101-3397

CT Corporation
PO Box 4349
Carol Stream, IL 60197-4349

Canon Financial Services
14904 Collections Center Drive
Chicago, IL 60693-0149

Canon Financial Services, Inc.
c/o Platzer, Swergold, et al.
475 Park Avenue South, 18th Floor
New York, New York 10016-6901
Attn: Sherri D. Lydell, Esq. (1259-558)

Coffee Distributing Corp
200 Broadway
New Hyde Park, NY 11040-5329

DGA Security Systems, Inc.
429 West 53rd Street
New York, NY 10019-5791

Daniel G. Egan
DLA Piper LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, NY 10020-0073

Department of the Treasury
Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Di Central
1199 Nasa Parkway
Suite 101
Houston, TX 77058-3301

EisnerAmper LLP
Attn: Lois Clinco
6900 Jericho Tpke, Suite 3121
Wading River, NY 11792

Estate of Melvin Friedland, Etc.
22 East 65th Street
New York, NY 10065-7033

Esto Graphics
58 Seabring Street
Brooklyn, NY 11231-1621

Euler ACI
800 Red Brook Blvd
Owings Mills, MD 21117-5190

Fashion Calendar
153 East 87th Street
New York, NY 10128-2700

FedEx
PO Box 371461
Pittsburgh, PA 15250-7461

FedEx TechConnect, Inc.
Attn: Revenue Recovery/Bankruptcy
3965 Airways Blvd., Module G, 3rd Floor
Memphis, TN 38116-5017

Flo-Tech
Attn: David Leslie
699 Middle Street
Middletown, CT 06457-1547

Four Star
19 West 21st Street
Suite 601A
New York, NY 10010-6863

Franchise Tax Board
PO Box 942857
Sacramento, CA 94257-0001

GS1
PO Box 71-3034
Columbus, OH 43271-3034

GXS, Inc.
PO Box 640371
Pittsburgh, PA 15264-0371

Girl Oh Boy Models, Inc.
130 West 56th Street
Suite 4M
New York, NY 10019-3962

Harleysville Insurance
Processing Center
PO Box 37712
Philadelphia, PA 19101-5012

IESI
PO Box 660654
Dallas, TX 75266-0654

Intertrade Systems. Inc.
c/o T65036U
PO Box 55811
Boston, MA 02205-5811

Kastle Systems of New York
655 Third Avenue
Suite 1520
New York, NY 10017-9109

Kaufman Brothers, Inc.
327 West 36th Street
New York, NY 10018-6971

Larstrand Corporation
22 East 65th Street 5th Floor
New York, NY 10065-7085

MABRUN S.P.A
C/O EULER HERMES COLLECTIONS
600 S. 7TH STREET
LOUISVILLE, KY 40203-1968

Manhattan Mini Storage
520 West 17th Street
New York, NY 10011-2889

Massachusetts Casualty
PO Box 371485
Pittsburgh, PA 15250-7485

Megapath
PO Box 39000
Dept 33408
San Francisco, CA 94139-0001

Meghan L. Beard Inc.
549 West 149th Street
New York, NY 10031-3402

Metlife
Small Business Office
PO Box 804466
Kansas City, MO 64180-4466

Modern Bank, N.A.
667 Madison Avenue
New York, NY 10065-8052

NYC Dept of Buildings
280 Broadway
6th Floor
New York, NY 10007-1868

NYC Dept of Finance
345 Adams Street
Legal Affairs D. Cohen
Brooklyn, NY 11201-3719

NYS Department of Labor
State Office Campus
Building #12, Room #256
Albany, NY 12240-0001

NYS Dept of Tax and Finamce
Bankruptcy Special Procedures
PO Box 5300
Albany, NY 12205-0300

Neiman Marcus PR
Attn: Rebecca Brodnan
3393 Peachtree Rd NE
Atlanta, GA 30326-1178

Neiman Marcus SH
Attn: Alexa Asmar
1200 Morris Turnpike
Short Hills, NJ 07078-2717

Neiman Marcus TT
Attn: Melissa Ekblom
2255 International Dr
Mc Lean, VA 22102-3917

New York City Dept. Of Finance
Taxpayer Identification Unit
25 Elm Place, 3rd Floor
Brooklyn, NY 11201-5355

New York State Department of S
One Commerce Plaza
99 Washington Avenue
Albany, NY 12231-0001

New York State Tax Commission
Bankruptcy/Special Procedures Section
P.O. Box 5300
Albany, NY 12205-0300

New York State Unemployment Insurance
PO Box 4301
Binghamton, NY 13902-4301

Office of the United States Trustee
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014-9449

Oxford
Attn: Brenda Wilder
PO Box 1697
Newark, NJ 07101-1697

Pitney Bowes
PO Box 371887
Pittsburgh, PA 15250-7887

Platzer, Swergold, Levine, Goldberg, Katz &
475 Park Avenue South, 18th Floor
New York, New York 10016-6901
Attn: Sherri D. Lydell, Esq., Teresa Sad

Purchase Power
PO Box 856042
Louisville, KY 40285-6042

Quality Transportation
Attn: A/R Dept
18 Park Place
Dept 01
Paramus, NJ 07652-3617

Roanoke Trade Service, Inc.
61 Broadway
Suite 2700
New York, NY 10006-2822

S-4 Solutions Inc
Attn: Richard Grene
10846 Broadview Bay Point
Boynton Beach, FL 33473-4900

SASCO
Attn: Ellen Beakman
313 High Street
Hackettstown, NJ 07840-1955

Schaefer Trans, Inc.
580 Atlantic Avenue
East Rockaway, NY 11518-1519

The State Insurance Fund
199 Church Street
New York, NY 10007-1183

Thor ASB 875 Washington Street LLC
c/o Jodie Buchman, Esq.
DLA Piper LLP (US)
6225 Smith Avenue
Baltimore, MD 21209-3635

Thor ASB 875 Washington Street LLC
c/o Sierra Real Estate
600 Madison Avenue
3rd Floor
New York, NY 10022-1689

Trade Risk Group
Attn: Jack Cowley
305 Floral Vale Blvd
Morrisville, PA 19067-5525

UPS
PO Box 7247-0244
Philadelphia, PA 19170-0001

UPS Supply Chain Solutions, Inc.
28013 Network Place
Chicago, IL 60673-1280

US Customs Service
Building # 77
JFK Airport
Jamaica, NY 11430

US Fish & Wildlife Services
Office of Law Enforcement
70 East Sunrise Hwy, Suite 419
Valley Stream, NY 11581-1233

Uline
2200 S Lakeside Drive
Waukegan, IL 60085-8311

United Parcel Service
c/o Receivable Management Services (&quo
P.O. Box 4396
Timonium, MD 21094-4396

United States Trustee
Office of the United States Trustee
U.S. Federal Office Building
201 Varick Street, Room 1006
New York, NY 10014-9449

Verizon
PO Box 15124
Albany, NY 12212-5124

Verizon Wireless
PO Box 489
Newark, NJ 07101

Wayne M. Greenwald
Wayne M. Greenwald, P.C.
475 Park Avenue South
26th Floor
New York, NY 10016-6922

## SCHEDULE B

Gloriette
Kastellstrasse 46
7551 Stegersbach, Austria

M. Lange & Co., GmbH
c/o Gerloff Liebler Rechtsanwlte
Nymphenberger Strae 4
80335 Mnchen, Germany

Mabrun S.P.A.
Via Sant'Andrea 14/16
36061 Bassano Del Grappa, Italy

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x
                                                        :  Case No. 14-12831 (SMB)
In re                                                   :
                                                        :
**RENA LANGE (USA), INC.,**                             :  (Chapter 11)
**ADBA Mabrun, ADBA St. Emile,**                        :
**ADBA Gloriette,**                                     :
                                                        :
                                                        :
                        Debtor.                         :
                                                        :
------------------------------------------------------- x

## ORDER CONVERTING CHAPTER 11 CASE TO CHAPTER 7

Based upon the hearing held before this Court and the motion of William K.

Harrington, the United States Trustee for Region 2, and it appearing that appropriate notice has

been given, and cause existing for the relief requested, as set forth in the record of the hearing, it

is

ORDERED, that this case commenced under Chapter 11 of the Bankruptcy Code

be and hereby is converted to a case under chapter 7 pursuant to 11 U.S.C. § 1112(b)(4), and it is

further

ORDERED, that the Debtor shall file (i) a schedule of unpaid debts incurred after

the commencement of the Chapter 11 case within 14 days of the date of this order, and (ii) a final

report within 30 days of the date of this order, pursuant to Federal Rule of Bankruptcy Procedure

1019(5).

Dated: New York, New York
      April   , 2015

 

HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------- x

                              :  Case No. 14-12831 (SMB)

In re                              :

                               :

**RENA LANGE (USA), INC.,**       :  (Chapter 11)

**ADBA Mabrun, ADBA St. Emile,**  :

**ADBA Gloriette,**              :

                               :

                               :

                    Debtor.    :

                               :

-------------------------------------------------------- x

## CERTIFICATE OF SERVICE

STATE OF NEW YORK    )

                         : ss

COUNTY OF NEW YORK  )

         I, Brian Masumoto, hereby declare, under the penalty of perjury under the laws of

the United States of America, and pursuant to 28 U.S.C. § 1746, that on March 30, 2015, I

caused to be served a copy of the Notice of Motion, the Memorandum of Law of the United

States Trustee in Support of Motion for an Order Converting the Case to One Under Chapter 7

(the "Motion"), the Declaration of Brian S. Masumoto in Support of the Motion, the [proposed]

Order Converting Chapter 11 Case to Chapter 7, by regular mail upon each of the parties listed

on the attached service list by depositing true copies of same in sealed envelopes, with postage

pre-paid thereon, in an official depository of the United States Postal Service within the City of

New York and State of New York.

Dated: New York, New York
      March 30, 2015

                                       ***/s/ Brian S. Masumoto***

                                       **Brian S. Masumoto**

                                       **Trial Attorney**

## SERVICE LIST

Rena Lange (USA) Inc.
430 West 14th Street
Suite 201
New York, New York

Wayne M. Greenwald, Esq.
Wayne M. Greenwald, P.C.
475 Park Avenue South, 26th Floor
New York, New York  10016

Wachtel & Masyr, LLP
885 Second Avenue, 47th Floor
New York, New York  10017

Estate of Melvin Friedland, etc.
22 East 65th Street
New York, New York  10065